## NOAH LIPE
### v.
## JOHN D. LUDEWICK.

COMMISSIONS OF BROKER—WHEN NEGOTIATIONS FOR A SALE MAY BE TREATED AS ABANDONED.—Appellant agreed that if appellee would find a purchaser and sell appellant's farm to him, appellee might have all he could get for it over and above $10,317.50. Appellee found one K., who offered $10,500 for the farm with immediate possession. This offer was refused by appellee and appellant also refused to give immediate possession. Appellee moved away and all negotiations for a sale ceased. Six months later K., while looking at other property in the neighborhood, met appellant, negotiations were renewed and a sale made at $10,700, the farm then being worth $400 more than previously by reason of improvements made. *Held*, that under these circumstances, appellant was fully justified in treating all negotiations for a sale by appellee as abandoned, and in making sale himself either to K. or any one else who would purchase; that such an offer as was made by appellant to appellee could be terminated at will, at any time before it was acted upon.

APPEAL from the Circuit Court of Montgomery county, the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed January 22, 1884.

Mr. J. M. TRUITT, for appellant; as to burden of proof, cited Dinet v. Reilly, 2 Bradwell, 316; Robertson v. Dodge, 28 Ill. 161; C., B. & Q. R. R. Co. v. Stumps, 55 Ill. 367; Gibson v. Troutman, 9 Bradwell, 94.

Lipe v. Ludewick.

Where an agent undertakes to sell property for a specified sum before he can claim his commission, he must find a person ready, willing and able to purchase at the price and on the terms specified within a reasonable time after the contract is made, nothing in the contract appearing to the contrary: Clendemon v. Pancoast, 75 Penn. 213; Wylie v. Marine Nat. Bank, 61 N. Y. 416; Barnard v. Monnote, 3 Keys, 203; Jones v. Bierling, 31 N. Y. 462; McGavock v. Woodlief, 20 How. 221; Kock v. Emmerling, 22 How. 69; Love v. Miller, 53 Ind. 249; Schwartz v. Yearly, 31 Md. 270; Sibbald v. Bethlehem Iron Co., 83 N. Y. 378; McArthur v. Slauson, 53 Wis. 41; Atwood v. Cobb, 16 Pick. 227; Roberts v. Beatty, 2 Penn. 63; Phillips v. Morrison, 3 Bibb. 105; Crocker v. Franklin Mfg. Co., 3 Sumner, 530; Atkinson v. Brown, 20 Me. 67; Ellis v. Thompson, 3 M. & W. 445; Greaves v. Ashlin, 3 Camp, 426.

Where no time for the continuance of the contract is fixed by its terms, either party is at liberty to terminate it at will, subject to the ordinary requirements of good faith: Sibbald v. Bethlehem Iron Co., 83 N. Y. 378; Satterthwaite v. Vreeland, 3 Hun, 182.

Mr. E. LANE and Mr. AMOS MILLER, for appellee; that a broker under a contract to find a purchaser, for a specified or reasonable commission, has performed his part of the contract when he, through his efforts and instrumentality, finds a person who afterward becomes the purchaser upon terms then agreed upon between vendor and vendee, cited Lawrence v. Atwood, 1 Bradwell, 217; Wharton on Agency, § 328; Frazer v. Wyckoff, 63 N. Y. 448; 16 Cent. Law Journal, 444–447; Carter v. Webster, 79 Ill. 435; McGovern v. Wooley, 20 S. C. 22; Lane v. Albright, 49 Ind. 275; Clendenen v. Pancoast, 75 Penn. 213; Rees v. Spruance, 45 Ill. 308; Short v. Millard, 68 Ill. 292; Jones v. Adler, 34 Mo. 440; Woods v. Stephens, 46 Mo. 555; Barnard v. Modnot, 6 Am. Law Reg. 209; Coleman's Ex'rs v. Meade, 5 Cent. Law Journal, 409.

HIGBEE, J. This action was brought by Ludewick, a real

Lipe v. Ludewick.

estate broker in Hillsboro, to recover compensation claimed to be due him from Lipe for services rendered in the sale of his farm to one Jacob Klein. Appellee testified on the hearing in the trial court, that appellant agreed with him on July 5, 1882, that if he would find a purchaser and sell appellant's farm to him, he might have all he could get for it over and above the sum of $10,317.50, and that he should be well paid besides. Appellant, in his evidence, admitted that he agreed to give appellee all he could get above the price named, but denied that he was to give anything more.

In either view of the agreement, appellant was to receive only $10,317.50, and the compensation of appellee was to depend principally, if not entirely, upon the amount he could sell for in excess of that sum. Under the contract, appellee was entitled to no compensation until he had negotiated a sale for a sum equal to or greater than the sum named. This we think he failed to do.

On Sunday after the agreement was made, appellee took Klein, who resided in St. Clair county, to appellant's house, in Montgomery county, to see the farm, and offered to sell it to him for $10,900. Klein refused to take it at that price, but offered $10,500 with immediate possession. This offer was refused by appellee, and appellant also refused to give possession, in case of a sale, before the first of the next March. Appellant and appellee, after consulting together, offered the place to Klein for $10,872.50, which he refused to give, but still adhered to his offer of $10,500 and immediate possession. Appellee and Klein then went to the depot at Hillsboro and Klein returned to St. Clair county. Appellee testified, that within a day or two after the parties separated he wrote a letter to appellant, informing him that Klein, while at the depot, had offered to give $10,900 for the farm with immediate possession. This letter was not offered in evidence, and appellant, although he admits he received a letter from appellee about the time named, denies that it contained the offer named; and Klein swears that he made no such offer, nor would he have given more than $10,500 for the premises. It is also apparent, from the letter of appellant

of July 13th, in answer to the letter referred to, that he did not understand appellee's letter as stating that he had contracted a sale at $10,900. Appellee saw Klein again on July 15th at his home in St. Clair county, when he again offered $10,500, with some slight modifications as to possession, but this offer was not accepted by appellee, nor communicated by him to appellant. This ended the negotiations between all the parties for more than six months.

Appellee swears that he never at any time offered the premises to Klein for less than $10,900 and we think it very certain from all the evidence, that Klein did not contract to purchase at that price.

About the middle of July, appellee moved to Sparta in Randolph county, and all negotiations for a sale ceased. Neither Klein nor appellant had heard from him for more than six months, when Klein, on January 26, 1883, again visited Montgomery county, for the purpose of looking at other property, and meeting with appellant, negotiations were renewed and a sale made at $10,700. Both Klein and appellant testify that the farm was then worth four hundred dollars more than it was in July, by reason of lasting and valuable improvements made, and wheat sown on the premises since the previous July. Under these circumstances, the parties having failed to close a contract for the sale of the premises, all negotiations having ceased for more than six months, the parties becoming widely separated and not having heard from each other during all that time, and the premises having been increased in value by reason of the improvements made thereon, appellant was fully justified in treating all negotiations for a sale by appellee as abandoned, and in making sale himself either to Klein or any one else who would purchase.

In Wylie v. Marine Nat. Bank, 61 N. Y. 416, the seller did not wait on the broker as many days as appellant did months on appellee and yet the court held that, "When a broker opens negotiations, but failing to bring the customer to the specific terms, abandons them and the employer subsequently sells to the same person at the price fixed, he is not liable to the broker for his commissions."

Again such an offer as was made by appellant to appellee, may be terminated at will at any time before it is acted upon.

In Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, it was held, that when no time was fixed for the continuance of the contract by its terms, either party might terminate it at will, subject only to the ordinary requirements of good faith.

But it is contended by appellee, that he was prevented from selling because of a refusal on the part of appellant to deliver immediate possession. It is not necessary to determine what was a reasonable time within which to deliver possession under the agreement of the parties, because it does not appear that the refusal to deliver immediate possession caused the failure of the negotiations. The real trouble was, appellee was not willing to accept the amount offered without reference to the question of possession. Had he made a contract of sale with possession to be immediately delivered, and submitted it to appellant for his action, a refusal on his part to execute it would have presented the question involved in this objection, but this he did not do; he accepted no offer made nor did he call upon appellant to execute any contract concluded by him.

Again it is claimed by appellee that the letter of appellant of date July 13, 1882, was a limitation of the power of appellee to sell for less than $10,872.50. We do not so understand it. It was a mere restatement of the price which they had agreed to ask of Klein, and had no reference to the terms of the agreement between themselves.

The verdict is so clearly and manifestly against the weight of the evidence, that justice requires it should be set aside and a new trial granted.

Judgment reversed and cause remanded.

Reversed and remanded.