## CHARLES E. CARLSON
### V.
## LEOPOLD NATHAN.

*Sales—Real Property—Agency—Commissions—Recovery of.*

In an action by a broker to recover commissions upon a sale of real estate, this court holds there can be no recovery, the plaintiff's efforts to procure terms which the defendant would accept having failed, and the trade finally made having been brought about by other influences after the plaintiff had abandoned the business.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for appellant.

Messrs. HOFHEIMER & ZEISLER, for appellee.

GARY, J. This is an action of assumpsit by the appellee against the appellant for commissions as a broker upon the sale of real estate.

Carlson had some improved property incumbered for $18,000, and employed Nathan to dispose of it. Through a clerk, Nathan brought the property to the attention of John A. Linn, who had some unimproved and unincumbered property. Nathan told Carlson to go and see Linn, but he did not do so, though he did look at Linn's property.

The best offer that Nathan was able to obtain from Linn was on the basis that Carlson's property was worth $12,500 more than Linn's, and that came through a clerk. Carlson would not accept it. Nathan himself saw Linn but once, and then they quarreled. All negotiations ceased, and nobody concerned had any further thought of a trade.

Carlson and Linn had not met. More than a month thereafter, both of them being customers of the same banker, they were introduced to each other by that banker; spent several hours together, and finally agreed upon a trade upon the basis of $15,000 difference in value.

Upon such a state of facts the appellee was not entitled to commissions. His efforts to procure terms which Carlson would accept failed.

The trade finally made was brought about by other influence, after he had abandoned the business. While the case of Davis v. Gassette, 30 Ill. App. 41, is not like this upon the facts, the principle of it, and the authorities there cited, apply.

The judgment must be reversed and the case remanded.

*Reversed and remanded.*