FIRST DISTRICT—OCTOBER TERM, 1892.

## MATHER ELECTRIC COMPANY
### v.
### H. A. MATTHEWS.

*Agency—Recovery of Compensation—Appeal and Error—Evidence—Instructions.*

1. A general objection to an instruction is not enough. The specific error complained of must be pointed out.

2. In an action brought to recover upon a contract wherein plaintiff was empowered to act as defendant's agent, compensation to be figured on a certain basis, compensation as to special " sales " and " deals " to be settled mutually on each particular " job," this court holds that the contract referred to herein, was such special " sale " or " deal," and declines to interfere with the judgment for the plaintiff.

3. In the case presented, this court holds as proper the granting of leave to plaintiff, after the evidence was closed, and while the cause was being argued to the jury, to file an amended count to the declaration *instanter*, to meet the evidence introduced touching a later agreement, no claim of hardship or surprise having been made by the defendant; and likewise that no special count was necessary; the contract being at an end and nothing remaining but to pay money; *indebitatus assumpsit* was sufficient.

[Opinion filed January 7, 1893.]

APPEAL from the Superior Court of Cook County; the Hon. GEORGE H. KETTELLE, Judge, presiding.

(557)

Mr. GEORGE BURRY, for appellant.

Mr. W. S. JOHNSON, for appellee.

MR. JUSTICE SHEPARD. In this action, besides the common counts in assumpsit, there was filed a special count which set out the following contract:

"CHICAGO, May 1st, 1890.

H. A. MATHEWS, Chicago, Illinois.

*Dear Sir :* This company agrees to allow you to act as their agent on the basis of all you can make above the attached price list, less forty per cent discount for dynamos, rheostats and bases, and thirty-five per cent discount on appliances; and to allow you to draw $75 per month on account. Should your business not prove profitable or satisfactory on this basis, the $75 per month you draw shall be considered as a salary and compensation of sales. On all special sales or special deals, where prices may be cut below the above discount, it is to be done by approval of ourselves, and the compensation to be settled mutually by yourself and this company on each particular job.

Yours very respectfully,

THE MATHER ELECTRIC COMPANY,

J. H. Reid, Manager."

And averred that the plaintiff (appellee) made a special sale, or special deal, for the defendant (appellant), of an electric plant to Webster City, Iowa, for the sum of $13,550, which sale was ratified and performed by the defendant, whereby the defendant became indebted to the plaintiff for a reasonable compensation in making said sale.

On the trial, evidence was introduced tending to show a later agreement on the part of appellant to pay appellee, as compensation for making said sale, a sum not less than ten per cent of the amount of the sale, and after the evidence was closed, and while the cause was being argued to the jury, leave was given to the plaintiff to file an amended count to the declaration *instanter*, to meet the evidence in regard to that later agreement.

Mather Electric Co. v. Matthews.

The evidence clearly established that the contract for the sale of the electric plant to Webster City was the result of appellee's negotiations and exertions; that the bid for the work was made out and the price fixed by the appellant company; that appellee did nothing in the matter of the sale or execution of the contract that was not fully authorized by the appellant.

The main controversy was as to the extent of compensation, if any, owing to appellee.

It would not be useful to recapitulate the evidence. It is sufficient to say that it clearly justified the contention of appellee, that the transaction with Webster City came within the meaning of a " special sale, or special deal," contemplated in the closing paragraph of the written agreement between appellant and appellee, above set forth.

Under a contract such as was entered into between the appellant and Webster City, to put up and equip an entire electric lighting plant in complete running order, for a lump sum, the appellee could not, in the nature of things, know anything about the price at which the company figured the numberless articles included in its price list, and, indeed, it may be said to satisfactorily appear that in the making of the contract to erect the plant, the appellant adopted figures or prices below those at which appellee was authorized by his agreement with the company to make sales of anything. The contract, too, as already stated, was one of special agreement between appellant and Webster City. It was not one that was made with a view to the price list which was the guide of appellee. It was entirely independent of price list figures, and was for an entire job done not only with the " approval" of the appellant, but the written contract itself was executed by the appellant, by its general manager, and by the mayor and city clerk. The conclusion that it was a " special sale or special deal," within the meaning of the agreement between appellant and appellee can scarcely be doubted.

As to the extent of compensation to which appellee was entitled, we can scarcely entertain a question.

Mr. Reid, the general manager of the appellant company, testified that he told appellee he should receive a reasonable compensation, and that "his commission would not be less than ten per cent," in a conversation they had together upon the subject of his compensation for having obtained the contract. And the authority of Reid to make such an agreement does not appear to be questioned.

Some advances were made to appellee, but it is not material to inquire specifically about them. It is plain that the jury, in fixing the amount of their verdict, took the subject into consideration, and made such deductions as, from the evidence, they determined was just.

We do not think there was any error committed in allowing plaintiff to file the amended count.

The count merely conformed to the evidence already introduced by both sides. No claim of hardship or surprise to the appellant was made below, so far as the record discloses, and furthermore, no special count was necessary. The contract between appellant and appellee being at an end, and nothing remaining but to pay money, *indebitatus assumpsit* was sufficient. Geary v. Bangs, 37 Ill. App. 301; Zjednoczenie v. Sadecki, 41 Ill. App. 329.

If there is any error in the instructions, we do not observe wherein, and appellant does not specifically point out the existence of any.

A general objection to an instruction is not enough. The specific error complained of must be pointed out. Ludwig v. Huck Malting Company, 45 Ill. App. 651, and cases there cited.

We see no error in the cause warranting a reversal, and the judgment of the Superior Court will therefore be affirmed.

*Judgment affirmed.*