## Albert M. Day v. Charles A. Hale et al.

1.   REAL ESTATE BROKERAGE—*Agent's Commission.*—Some real estate brokers were engaged in negotiating a sale of a house from H. to K.   H. wanted more ground and called upon D., who owned ground adjoining the house, to buy it, telling him that the business came through a real estate man, and if the sale were made it would be through him and he wanted a commission; to which D. laughingly replied, " They all want commission."   H. was not an agent of the brokers to make any contract between them and D., and the brokers had no connection with the sale by D. to K.   *It was held,* that the brokers had no claim upon D. for commission.

Memorandum.—Action of assumpsit for commissions. Appeal from the Circuit Court of Cook County; the Hon. SAMUEL MCCONNELL, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, M. B. & F. S. LOOMIS, ATTORNEYS.

Appellant contended that the law will not permit the agent of a purchaser to become the agent and recover com-

missions of the seller. The same man can not act at the same time as agent for both seller and buyer. His duty to the one is inconsistent with his duty to the other. Kronenberger v. Fricke, 22 Ill. App. 550; Cottom v. Holiday, 59 Ill. 176; Short v. Millard, 68 Ill. 292; Story on Agency, Secs. 31, 210, 211; Smith v. Townsend, 109 Mass. 500; Walker v. Osgood, 98 Mass. 348; Farnsworth v. Hemmer, 1 Allen, 494; Schwartze v. Yearly, 31 Md. 278; Morison v. Thomson, 9 Law Rep. 480; Gardner v. Ogden, 22 N. Y. 347; Bollman v. Loomis, 41 Conn. 581; Lloyd v. Colston, 5 Bush. (Ky.) 587.

JOHN P. AHRENS, attorney for appellees.

OPINION OF THE COURT, GARY, P. J.

The appellees, as real estate brokers, were engaged in negotiating a sale of a house from Mr. Hunt to Mr. Kent.

Kent wanted more ground, which belonged to Day, and Hunt went to him about it. Through that interview, perhaps, but perhaps the subsequent events would have been the same if it had never occurred, Kent went to Day and bought Day's ground.

The only circumstance tending to charge Day with commissions to appellees is, that Hunt told Day when he went to him about his ground, that the business came through a real estate man, and if a sale was made it would be through him, and he wanted a commission; to which Day, laughing, replied that they all wanted commission. Hunt was not an agent of the appellees to make any contract between them and Day, and they in fact had no connection with the sale by Day to Kent.

The utmost that can be said, is, that in looking for a house for Kent, events so shaped themselves without their aid, that Kent bought a piece of naked ground from Day. To that result, perhaps, Hunt, prompted by his own interest solely, contributed.

The appellees have no claim upon Day, and the judgment is reversed and the cause remanded.