## Biddison v. Johnson et al.

50  173
50  552

1. CONTRACTS—*Time of Performance.*—Where a contract is silent as to the time in which it is to be performed the law will imply that it is to be performed within a reasonable time.

2. NEGLECT OF DUTY—*What is Unreasonable.*—What is an unreasonable neglect of duty may depend upon the circumstances of each particular case.

Memorandum.—Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

J. T. HANNA and W. B. CUNNINGHAM, attorneys for appellant.

SAMUEL W. JACKSON and H. S. PARKHURST, attorneys for appellees.

OPINION OF THE COURT, SHEPARD, J.

On February 4, 1890, the appellant made a written application to appellees, who were licensed brokers, for a loan of $18,000, on certain real estate security, and agreed to pay a commission of five per cent for procuring such loan.

The writing is silent as to the time within which the loan should be procured, and hence the law would imply that it should be procured within a reasonable time.

The appellees, through their clerk, one Parkhurst, immediately offered the loan to various persons, and among others, to James McKindley, who, Parkhurst says, told him that he would see his attorney, and if the attorney should say it was all right, he would make the loan, and, according to the testimony of Parkhurst, about two days after the application for the loan had been made by appellant to appellees, Mr. Morrison, to whom McKindley had referred him, told Parkhurst to tell McKindley that the loan was all right and accepted.

All of this was reported to the appellees by Parkhurst, but it does not appear that the appellees acted in any way upon the information, or that they were in any way instrumental in the subsequent coming together of McKindley and appellant.

According to the testimony of appellant, it was understood between him and appellees that they expected to place the loan with eastern parties, and should have until February 13th in which to get the loan accepted; that hearing nothing from appellees, he applied to a Mr. Huber for the loan, and Huber took him to the same Mr. Morrison, and that the latter, on February 14th, accepted and made a loan of the same amount to him in behalf of Mr. McKindley.

The suit was brought to recover the commissions agreed to be paid by appellant under his written application to the appellees, and was tried by the court, without a jury, and judgment was given for the full amount claimed, nine hundred dollars.

While it is disputed that the loan was first offered by appellees to McKindley, and McKindley himself testified to having no recollection of ever having seen Parkhurst before he made the loan through Morrison, it would seem that the court below must have found that the loan was offered to McKindley in the first instance by the appellees, through Parkhurst. But that was not enough to entitle the appellees to recover a commission. Parkhurst, who alone for the appellees had the interview with McKindley and Morrison, testified that about two days after the application for the

Biddison v. Johnson.

loan was made by appellant, Morrison told him to tell McKindley that the loan was accepted by him, and was all right, and that he reported that fact to appellees, but not to appellant or any one else.

It does not appear that Parkhurst, or appellees, or any one in their behalf, spoke to, or communicated with, Mc-Kindley in any manner after Morrison told Parkhurst to tell McLindley the loan was all right. McKindley says he had nothing to do with appellees in the matter.

E. C. Johnson, one of the appellees, testified in the case, but stated nothing from which it can even be inferred that he acted in any manner upon the report made to him by Parkhurst, of what Morrison told the latter. He did not communicate with McKindley, nor did he notify the appellant until after the first of March following.

He testified that the first notification he gave appellant of having placed the loan, was by letter, and that letter when produced by the appellant, was shown to bear date on March 5, 1890, and in response to one written by appellant, dated March 1, 1890, informing appellees that he had placed the loan, and asking for a return of the abstracts of title.

Whether a month was or was not a reasonable time for the appellees to have within which to place the loan, need not be decided.

The fact that, according to the undisputed testimony of Parkhurst, he was told by Morrison as early as February 7, 1890, and reported the same to appellees, that the loan was accepted, and that appellees took no steps whatever to perfect the loan, and did not notify appellant of its acceptance until March 5, 1890, was such an unreasonable delay and neglect of duty on appellees' part, as to bar a recovery by them.

What is unreasonable neglect of duty, must depend upon the circumstances of each particular case.

From the facts and circumstances of this case, it is apparent that it would be subversion of fair business dealing and do positive injustice, to sustain a claim for commissions.

The contract was never fairly performed by the appellees, and the judgment ought not to have been in their favor.

It was as much their duty to have promptly notified appellant that they had placed the loan, as it was to be diligent in finding a customer for it; and this is particularly true when this delay caused appellant to procure the money through other instrumentalities.

The judgment of the Circuit Court will therefore be reversed and the cause remanded.