## Clark v. Nessler.

1. REAL ESTATE BROKERS—*Compensation.*—The compensation of a real estate broker is contingent upon his success, though there are not wanting authorities which hold that if the broker finds a customer who buys from the owner direct, upon terms less onerous than the owner authorized the broker to accept, the broker may recover his commissions.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, judge, presiding. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed July 12, 1893.

The opinion of the court states the case.

WOLSELEY & HEATH, attorneys for appellant.

SAMUEL B. FOSTER, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

Samuel C. Nessler and Charles H. Leach were partners as real estate brokers, and this suit for commissions seems to be prosecuted by the latter in the name of both, adverse to the inclination of Nessler.

The insufficiency of the evidence to sustain the verdict, as well as error upon the instructions, was assigned as a reason in the motion made for a new trial, and the denial of that motion is assigned as error.

We need only consider the evidence.

Leach is the only witness upon whose testimony the claim for commissions is based, and his version as to his own part in the business, is, that in July, 1890, the appellant employed the appellees to find a purchaser of city property at $80 per front foot; that, from time to time, the appellant raised the price, until, in the latter part of September, it was $100 per front foot.

Then Leach obtained an offer of $95 per front foot, which he reported to the appellant, who said the price had reached $125 per front foot, and said there was no use bringing any lower offer. Thereupon Leach did nothing more about the business.

On the 4th day of October, 1890, one Toolen assumed the authority, without the knowledge of the appellant, who was absent from the State, to execute a contract in the name of the appellant, for a sale of the property to Joseph Fischer, Isaac Kuh and Edward J. Stransky for $100 per front foot. When the appellant returned he refused to perform this contract, but on the 13th of October executed another for a sale to Kuh alone on the same terms. Fischer and Stransky were the persons with whom Leach had been negotiating.

It is a fair inference that the appellant refused to deal with Fischer and Stransky because they had been negotiating with Leach. Leach claims commissions on the theory that those negotiations were the cause of the sale.

Now, the compensation of a real estate broker is contingent upon his success, though there are not wanting authorities which hold that if the broker finds a customer who buys from the owner direct, upon terms less onerous than the owner authorized the broker to accept, the broker may recover his commissions.

That is not this case. Here the broker never found a customer then willing to buy on the terms which the owner afterward accepted, and apparently gave up the attempt to sell at all. The business as to all parties concerned was at an end. Had no sale been afterward made, it is not probable that Leach ever would have claimed any commission.

But that sale was brought about through other influences. Kuh had been introduced to Toolen by Leach about a year

before. Kuh wanted to buy a house and went to Toolen. It does not appear that either of them had any knowledge of any relations between the appellant and appellees.

Toolen showed the property to Kuh, and he went to Fischer and Stransky about it, so that it does not appear that anything that Leach had done tended to bring about the sale actually made.

On the 6th day of October, the appellees knew that Toolen had sold, as they thought, to Kuh, Fischer and Stransky, and Leach prepared, copied into the copy book of his firm, under date of October 3d, and took to the appellant's office and there left on his desk, this notice:

"CHICAGO, Oct. 3, 1890.
" To FRANK H. CLARK:

"We have this day given to Edward Stransky and Joseph Fischer a description of your property, described as N. W. corner Prairie Ave. and 59th St., 150x178, at the price and on the terms named by you, and will submit to you any offer which they may make for the property.

"NESSLER & LEACH."

The appellant found this notice on his desk on the 8th, having returned to Chicago the day before.

Kuh's search for a house was the cause of the sale made, much more than anything that was done by Leach. Day v. Hale, 50 Ill. App. 115; Biddison v Johnson, 50 Ill. App. 173; Carlson v. Nathan, 43 Ill. App. 364.

The judgment is reversed and the cause remanded.