# Watts v. Howard & Calkins, Co-partners, for the use, etc.

1. REAL ESTATE BROKER—*Time to Sell—End of Authority.*—There must be a period within which, after a party introduced by a real estate broker has declined to purchase, the owner or another broker may treat the negotiation as at an end.

2. REAL ESTATE BROKER—*When Entitled to His Compensation.*—A broker earns his commission if his act, however slight, brings about a sale, but if his act fails to accomplish anything, he is not entitled to compensation.

3. REAL ESTATE BROKER—*Duty to His Principal.*—The obligation of a real estate broker requires that if he do anything, his efforts shall be directed toward making a sale upon the terms given. In endeavoring to persuade his principal to take less than the price at which he has authorized a sale, he is not so much serving his employer as a would-be purchaser.

**Memorandum.**—Assumpsit.  Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.  Heard in this court at the October term, 1893.  Reversed and remanded.  Opinion filed January 11, 1894.

### STATEMENT OF THE CASE BY THE COURT.

In April, 1890, appellant being the owner of five houses in Chicago, placed them with appellees for sale: One house at $11,500, the others at $12,000 each.

Appellees showed one house to a Mr. W. P. Johnson. Mr. Johnson had some negotiations with appellees, and they wrote to appellant, asking if he would not modify the terms he had made, but nothing came of this attempt, and Mr. Johnson decided not to purchase at the price named, $11,500, and July 7th, in response to a letter from appellant asking if he, Johnson, was ready to buy, replied that he then considered his Michigan avenue property worth $20,000, and that he would make no purchase until that was disposed of.

About August 17th, appellant concluded to reduce the price he had asked, and advertised the houses for sale at $10,000 each.

Shortly after this two ladies called upon appellant and were shown the houses.

One of the ladies said that she would bring her husband with her to look at the property; this she did.  When her husband appeared, appellant recognized him as Mr. W. P. Johnson.  Previous to this appellant had not known who the ladies were.  Appellant sold one house to Mr. Johnson for $10,000, whereupon appellees claimed and brought suit for commissions; a judgment for $250 having been rendered in their favor, appellant prosecutes this appeal.

### APPELLANT'S BRIEF, G. W. STANFORD, ATTORNEY.

Where the efforts by the broker do not effect a sale, and after the proposed purchaser has decided not to buy, other parties induce him to buy, the broker will not be entitled to commissions.  Earl v. Cummins, 54 Pa. St. 394; Doonan v. Ivès, 73 Ga. 295; Wylie v. Marine Nat. Bk., 61 N. Y. 416.

Watts v. Howard & Calkins.

Where a broker employed to sell real estate called the attention of a customer to it and negotiated for the sale, but did not succeed in coming to terms, and two or three months after the negotiations were broken off, a friend, without the interference of the broker, bought the property, the broker was not entitled to commissions. Armstrong v. Wann, 29 Minn. 126.

Where a broker opens negotiations for sale, but fails to complete and abandons them, and the owner afterward sells the property to the same customer, the broker can not claim commissions. Lipe v. Ludwick, 14 Ill. App. 372; White v. Twichins, 26 Hun (N. Y.) 503.

APPELLEE'S BRIEF, WINTERS & JACKSON, ATTORNEYS.

If the owner does not wish the services of the broker any longer he should give him notice.

Appellant having engaged the services of appellees, should, if he desired to dispense with their services, have given them notice. Bash v. Hill, 62 Ill. 216.

If the owner sell the land, still, if the purchaser is procured by the efforts of the broker, he is entitled to his commission, even though the owner sell at a less price or upon different terms than given to the broker. McConaughy v. Mahannah, 28 Ill. App. 169; Rees v. Spruance, 45 Ill. 310; Kuhn v. Grace, 27 Ill. App. 427.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It clearly appears that the effort made by appellees to effect a sale of the property of appellant entirely failed. Appellees did call the attention of Mr. Johnson to the property, but he declined to purchase, and there is nothing tending to show that appellees had not ceased all effort to sell to him, long before his attention was again called to the property by reading an advertisement inserted by appellant.

It in no wise appears that appellant, in, after the lapse of some months, lowering his price and himself advertising his property, acted in any bad faith toward appellees, or sought thereby to take advantage of anything they had done.

The purchaser's attention was again attracted to the property, not by appellees, but by an action of appellant with which appellees had nothing to do.

There is nothing to show that Mr. Johnson would ever have again considered the purchase of this property but for the advertisement published by appellant, two months after Johnson had declined to buy.

Surely there must be a period within which, after a party introduced by an agent has declined to purchase, the owner or another broker may treat the negotiation as at an end, and entirely new and independent solicitation begin. Mears v. Stone et al., 44 Ill. App. 44; Carlson v. Nathan, 43 Ill. App. 364; Tombs v. Alexander, 101 Mass. 255; Earl v. Cummins, 54 Penn. St. 394.

Appellees did not, by their efforts, accomplish anything; they seem not to have for several months done anything to bring about a sale; they sold out their business to a new firm and went out of the real estate business three months before appellant inserted his advertisement, and do not appear to have been in any way the procuring cause of, or instrumental in, bringing about the sale finally made. They did introduce Mr. Johnson to appellant, but from that introduction nothing came.

A broker earns his commission if his act, however slight, brings about a sale, but if his act fail to accomplish anything, he is not entitled to compensation. Earl v. Cummins, 54 Pa. St. 394; Wylie v. Marine Nat. Bank, 61 N. Y. 416; McCleave v. Paine, 49 N. Y. 561; Lipe v. Ludwick, 14 Ill. App. 572; Armstrong v. Wann, 29 Minn. 126; Sibbold v. Bethlehem Iron Co., 83 N. Y. 378.

Counsel for appellees say: "It is very seldom that property is sold for the price and upon the terms given to the broker. The owner rarely expects to sell for the price and upon the terms first given to the broker, and the broker knows this, and his efforts are directed toward getting an offer which will be satisfactory to the owner."

We do not understand such to be the duty of a broker employed to sell for a fixed price. His obligation to his

principal requires that, if he do anything, his efforts shall be directed toward making a sale upon the terms given. In endeavoring to persuade his principal to take less than the price at which he has authorized a sale, he is not so much serving his employer as a would-be purchaser.

The judgment of the Circuit Court is reversed and the cause remanded.