DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

---

Rasar & Johnson, Appellants, v. Harry Spurling, Appellee.

1. BROKERS—*recovery of commission where negotiations discontinued.* A broker is entitled to recover commissions, if he finds a buyer who is ready, able and willing to purchase the property on the terms of the original contract, or to whom his client finally sells the property upon other terms agreed upon by the latter and the purchaser.

2. BROKERS—*discontinuance and abandonment of negotiations.* In order to constitute an abandonment of negotiations between a broker and a prospective purchaser so as to defeat recovery of commissions, mere discontinuance for a short time is not sufficient, but the evidence must also show an abandonment of all intention of purchasing the property.

Appeal from the Circuit Court of Christian county; the HON. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

HOGAN & WALLACE, for appellants.

R. C. NEFF and EDWARD E. ADAMS, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiffs against defendant to recover commissions alleged to be due from

(349)

defendant to plaintiffs. The trial below resulted in a verdict and judgment against plaintiffs, and they prosecute this appeal.

Numerous grounds are alleged as a cause of reversal, first, that the judgment is clearly and manifestly against the weight of the evidence, and second that the court erred in giving and refusing instructions. Owing to the fact that the judgment must be reversed on account of erroneous instructions, it is unnecessary at this time to enter into a discussion of the weight of the evidence.

The record discloses that plaintiffs were employed by defendant for the purpose of finding a purchaser for certain property owned by defendant. Plaintiffs undertook to find such purchaser and entered into negotiations with several parties. The price for which the property was to be sold, by the original contract of employment, was forty-six hundred dollars; this price was deviated from, and plaintiffs were permitted by defendant to price the property at various prices during the attempted negotiations of sale, and were permitted at one time to price it as low as thirty-five hundred dollars; the price was afterwards raised to thirty-six hundred dollars. Defendant finally concluded a sale to the purchaser who was produced by plaintiffs.

The first instruction given on behalf of defendant told the jury that before plaintiffs could recover it was necessary that they should show by a preponderance of the evidence not only that they had procured a purchaser, in accordance with their contract of employment, who was ready, able and willing to buy upon the terms expressed in the contract of employment, but that they must also show by a preponderance of the evidence that they were the efficient cause in effecting a sale of the premises according to the terms mentioned in the contract of employment, or on other terms agreed upon. This instruction is not a correct statement of the law.

Plaintiffs were entitled to recover if they found a buyer who was ready, able and willing to purchase the property on the terms of the original contract, or to whom defendant finally sold the property upon other terms agreed upon by the purchaser and defendant, and it was not necessary that a purchaser should be obtained who was ready, willing and able to purchase upon terms agreed upon by and between the plaintiffs and the defendant. Hafner v. Herron, 165 Ill. 242.

The second instruction is also erroneous; this instruction told the jury that although plaintiffs had found a purchaser, they could not recover if there was no completion of the sale according to the terms of the contract of employment and there had been an abandonment of negotiations by the purchaser, even though defendant afterwards renewed the negotiations and finally completed a sale with the purchaser found by plaintiffs.

The mere fact that negotiations may have been discontinued for a short time will not defeat a recovery. In order to constitute an abandonment the evidence must not only show the breaking off of the negotiations but also an abandonment of all intention by the purchaser of purchasing the property. The record does not disclose such an abandonment. Rigdon v. More, 226 Ill. 382. This instruction is indefinite, vague and misleading. Instructions number three and four are also misleading and should not have been given.

For the errors in giving these instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*