Rasar & Johnson v. Spurling, 184 Ill. App. 357.

# Rasar & Johnson, Appellants, v. Harry Spurling, Appellee.

1. BROKERS, § 93*—*when question whether real estate agent was the procuring cause of sale is for jury.* An owner under a written contract gave real estate agents an exclusive agency for the sale of his real estate reserving to himself the right to terminate the agency on sixty days' notice. The owner sold the property to a purchaser through a different agent and the former agents claimed they had procured such purchaser through their sub-agent. *Held*, in an action against the owner by the former agents to recover commissions on the sale that it appeared from the correspondence between the parties that the exclusive agency had terminated and that it was a question for the jury to determine from the conflicting evidence whether the plaintiffs were the procuring cause of the sale.

2. BROKERS, § 97*—*when instruction as to what agent is required to prove to be entitled to commissions not objectionable on review.* In an action to recover commissions for selling real estate, an instruction given for defendant which states a correct proposition of law as to what plaintiff is required to prove to be entitled to recover, *held* not objectionable for failure to include a statement that if the parties were brought together by the plaintiffs and the sale was consummated on the terms proposed by the purchaser the plaintiff would be entitled to recover, where such statement was given in plaintiffs' instructions.

3. WITNESSES, § 299*—*when opinion of witness as to general reputation for truth and veracity admissible.* Testimony of a witness that the general reputation of a party for truth and veracity among his associates in the neighborhood where he resides is not good, *held* properly admissible, though such witness states on cross-examination that his opinion was based in part on what a certain person had said three or four years before.

4. APPEAL AND ERROR, § 1560*—*when refusal of requested instructions not error.* Appellant cannot complain of error in refusing his requested instructions where the jury was fully instructed in the instructions given at his request on every legal proposition in the cause.

5. APPEAL AND ERROR, § 1186*—*objections presented for review.* Appellate Court should only review the specific objections to instructions presented and argued.

6. APPEAL AND ERROR, § 1539*—*when giving an instruction stating an abstract proposition of law harmless.* In an action to recover commissions for selling real estate, the giving of an instruc-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

tion which might have been refused because it states an abstract proposition of law, *held* harmless.

Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

GEORGE T. WALLACE, for appellants.

R. C. NEFF and E. E. ADAMS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by Rasar & Johnson to recover commissions from Harry Spurling for the sale of real estate in Taylorville belonging to the defendant. There have been two trials in the Circuit Court. On the first trial a verdict was returned for the defendant and judgment rendered thereon. That judgment was reversed by this court for error in instructions, October 15, 1912. [176 Ill. App. 349.] On a second trial in the Circuit Court, a verdict was returned for the defendant on which judgment was rendered and the plaintiffs again appeal.

The evidence shows that on September 29, 1909, the appellee entered into a contract in writing giving appellants the exclusive right to sell said real estate for five thousand dollars, with a confidential price of four thousand five hundred dollars. The owner reserved the right to take the real estate off the market at any time by giving the agents sixty days' notice in writing of such withdrawal.

Appellee testified that while he was in Ohio, early in February, 1910, he wrote a letter to appellants taking the property out of the market. Appellants wrote a letter February 14, 1910, in reply to a letter from appellee stating that they had a few prospects of closing up a sale, naming a Mrs. Fish and several other prospective purchasers, but not mentioning the party who did subsequently purchase in October, and stating if

those on whom they had worked should decide to purchase in the near future "we would naturally be interested and feel sure you will be fair" and if we can serve you in the future we will be happy to do so. The appellants testified that they did not receive any letter from appellee withdrawing the real estate from the market. Appellee testified to the mailing of the letter and its contents, and the letter of appellants written February 14 would appear to show that they did receive a letter withdrawing the property from the market. Appellee also testified that in May, 1910, he called upon appellant Johnson and asked for the return of the contract, and that Johnson stated that they never surrendered a contract but would give him a duplicate. In June, 1910, after some oral communications between the parties, appellee wrote to appellants fixing the price at three thousand six hundred dollars and on July 6, 1910, appellee having made certain improvements, wrote that he wanted three thousand seven hundred and fifty dollars, but would give them until July 15, to sell at three thousand six hundred dollars. In September, Luther Chestnut took G. W. Micenheimer to see the property but did not disclose the fact, if it be the fact, that he was an agent for appellants. Chestnut testified that he told Micenheimer that he was not a real estate agent, that he had no interest in the sale of the property but that he showed it to him as a friend, Micenheimer, who was a retired farmer, having inquired of him as a friend, if he knew of suitable property to buy. After the letters of February 8 and July 6, 1910, appellee authorized Teaney, another real estate agent, to sell the property. He showed Micenheimer the property, tried to sell it to him and closed a sale on October 12, for three thousand five hundred dollars. Neither of appellants ever communicated with the purchaser, but their claim is that Chestnut was their subagent. The exclusive agency under the written contract, from the correspondence between the parties, would appear to have

been terminated. It was a question of fact for the jury to determine from the conflicting evidence whether the appellants were the procuring and efficient cause of the sale.

It is assigned for error that the court admitted improper testimony tending to impeach the reputation of appellant Johnson for truth and veracity. Among the witnesses examined on that question, E. U. Vallintine testified that he had lived in Taylorville twelve years; that he had known Johnson thirty years; that he knew his general reputation for truth and veracity among his associates in the neighborhood where he resides and that it was not good. On cross-examination he stated that he had heard one Thornton, three or four years ago, say Johnson's reputation was bad and it was partly on his statement that the witness based his opinion. The appellants then objected to the testimony of the witness and the court ruled that the evidence was proper and the weight to be given to it was for the jury. The evidence of the witness is within the rule laid down by the authorities in this State and there was no error in the ruling of the court. *Gifford v. People,* 148 Ill. 173.

·It is contended that the first instruction given for the defendant is erroneous in that it told the jury that "before plaintiff would be entitled to recover in this case, they must show by a preponderance of the evidence that they, by the means by them employed, were the procuring and efficient cause of the sale having been made and unless they have done so you should find the issues in favor of the defendant." The contention of appellants is that the instruction should have included the statement that if the parties were brought together by the acts of appellants and the sale consummated on terms proposed by the purchaser, then under such circumstances the appellants would be entitled to recover. This statement of the law was given in several of appellants' instructions and does not change the accuracy of the instruction given for ap-

pellee. The instruction states a correct proposition of law as applied to such cases. *White v. Sellmyer*, 157 Ill. App. 435; *Rigdon v. Strong*, 128 Ill. App. 451; *McGuire v. Carlson*, 61 Ill. App. 295.

Appellants make the same objection to the second and fifth instructions given for appellee that they make to the first. That objection we have held to be not well taken. There is no error in the instructions in any particular pointed out, and while there may be other technical objections to some of them, yet, since appellants have not pointed out or raised such other objections, it is not probable that the jury were improperly influenced by them. An Appellate Court should only review the specific objections presented and argued. *Mather Electric Co. v. Matthews*, 47 Ill. App. 557.

The third instruction for appellee states ''that where a purchaser of real estate makes an agreement with the owner to take the property on terms agreed upon between the purchaser and seller that this constitutes a contract of sale and it is immaterial in the absence of any failure of either party to carry out this agreement whether the contract is reduced to writing or not.'' This might properly have been refused because it was an abstract proposition of law. It however stated a correct proposition of law so far as the right to recover commissions is concerned and could not harm the appellants.

The fourth instruction given for appellee is objected to on the ground that ''it helped emphasize the errors heretofore pointed out relative to the testimony of the impeaching witnesses.'' There was no error in the impeaching evidence and the objection to the instruction also must fail.

The appellants also argue that there was error in refusing instructions asked by them. The jury were fully instructed in the ten instructions given at appellants' request on every legal proposition in the case and some of the instructions given for them should

have been refused. The eighth given is simply an argument on what makes reputation.

There is no error in any of the questions presented for review. In view of the conflicting evidence, the questions of fact were peculiarly within the province of a jury to determine. A court of review is only authorized to set aside a judgment as being against the evidence, when it can be said that the verdict and judgment are manifestly against the weight of the evidence. The judgment is affirmed.

*Affirmed.*