## CAMPBELL v. RAWLINGS.

(Court of Appeals of District of Columbia. Submitted April 5, 1922. Decided May 1, 1922.)

No. 3728.

1. Brokers ☞52—Entitled to commission when lessee procured by broker exercises option to purchase.

Where a broker, authorized to negotiate a sale of the property, procured a lessee thereof, and the lessee exercised the option to purchase given by the lease, the option was based on a valuable consideration, and its exercise completed a contract for sale between the parties, and the broker was as much entitled to his commission as if he had procured the sale direct or initially.

2. Brokers ☞43(1)—Oral broker's contract not invalid under statute, where purchaser might exercise option within the year.

An oral contract with a broker for the sale of property is not invalid, under Code, § 1117, requiring promises not performable within a year to be in writing, where the contract of sale procured by the broker was consummated by the exercise of an option in a lease negotiated by him after the expiration of a year, if the option might have been exercised within a year.

Appeal from the Supreme Court of the District of Columbia.

Action by Jesse W. Rawlings against Elena P. Campbell to recover a broker's commission on the sale of real estate. Judgment for plaintiff, and defendant appeals. Affirmed.

Chapin Brown, of Washington, D. C., for appellant.

C. R. Ahalt and George C. Shinn, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District for the plaintiff, appellee here, in an action for the recovery of a broker's commission on the sale of certain real estate.

The evidence for the plaintiff tended to show that he was employed by the defendant, appellant here, to represent her in the sale of premises No. 2101 G. Street, Northwest, in the District of Columbia, upon a 3 per cent. commission basis; that as a result of his efforts the property was leased to George Washington University for five years, with an option to purchase at a stated price within the term of the lease; and that this option was exercised a little more than a year after the execution of the lease. At the close of all the evidence the defendant sought a directed verdict and offered certain prayers, all of which were refused. Thereupon the court instructed the jury—

"to the effect that the plaintiff could not recover unless he had made out that the defendant understood that she was employing him as her agent to procure for her a purchaser, and that he did procure the University to make the lease containing the option which was afterwards exercised by the University, and that as far as the amount of his recovery was concerned he could recover only a reasonable compensation by way of commission, unless the jury found that a commission of 3 per cent. was agreed upon between the plaintiff and the defendant."

[1] It is insisted that the plaintiff was not entitled to recover because the exercise of the option by the University was not "a part of the original transaction to obtain a purchaser." An examination of the cases cited in support of this contention, however, discloses that all are inapposite for the reason that the options therein provided for were not exercised. The option here was upon sufficient consideration (House v. Jackson, 24 Or. 89, 32 Pac. 1027; Napier v. Darlington, 70 Pa. 64; Maughlin v. Perry, 35 Md. 352), and, inasmuch as it ran to the lessee and its assigns, was assignable (Robinson v. Perry, 21 Ga. 183, 68 Am. Dec. 455; Hollander v. Central Metal, etc., Co., 109 Md. 131, 71 Atl. 442, 23 L. R. A. (N. S.) 1135; Gustin v. Union School District, 94 Mich. 502, 54 N. W. 156, 34 Am. St. Rep. 361). When accepted by the University, "a contract of sale between the parties was completed." Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501, 564; 39 Cyc. 1247. See, also, Block v. Ryan, 4 App. D. C. 283, 288. That the sale was attributable to the provisions of the lease is plain, and the plaintiff, having procured the lease which thus ripened into a contract of sale, was as much entitled to his commission as though he had procured the sale direct or initially. In other words, the court below correctly interpreted the law in the charge given.

[2] It is insisted further that plaintiff was precluded from bringing this action by our statute of frauds (Code, § 1117), denying the right to bring an action—

"upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing."

But, while plaintiff's contract with the defendant was in parol, the option might have been exercised within a year, and the statute therefore does not apply. Warner v. Texas & Pac. Rd. Co., 164 U. S. 418, 17 Sup. Ct. 147, 41 L. Ed. 495.

Finding no error in the record we affirm the judgment, with costs.

Affirmed.