Columbus U. FACCHINA, Appellant,

v.

Joseph D. SULLIVAN and James A. Sullivan, Jr., trading as Sullivan Brothers, Appellees.

No. 1570.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 10, 1954.

Decided Dec. 7, 1954.

P. Michael Cook, Washington, D. C., for appellant.

H. Max Ammerman, Washington, D. C., with whom Edwin Shelton, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment in favor of real estate brokers for a commission on the sale of residential property. The property was owned by Mr. Facchina, appellant, and he gave the brokers a non-exclusive listing to sell at a price of $44,250. The brokers advertised the property from May through October, spending more than $600 on advertising. In August a Mr. and Mrs. Weaver, whose attention had been called to the property by one of the advertisements, came to see the brokers. On two occasions the Weavers went with the brokers to examine the property, the price of which by this time had been reduced to $41,500. As a result of their examination of the property, the Weavers, on September 19, signed an offer to purchase for $35,000. The brokers presented the offer to Facchina who after consideration rejected it, but made a counteroffer to sell for $39,000. The Weavers rejected the counteroffer. In early November Facchina advised the brokers that he was withdrawing their listing, that he was taking the property off the market, and that he himself would try to sell it. The brokers removed their sign from the property and shortly afterwards Facchina put up his own sign and advertised the property for sale in his own name. In the latter part of December or early January the Weavers in passing by the property saw that it was still unsold and communicated with Facchina. He gave them a price of $37,000 and a short time thereafter they entered into a contract of sale and purchase for a price of $36,750. The sale was completed and the brokers brought this action for a commission on the sale.

In awarding judgment in favor of the brokers the trial court found (1) that in

withdrawing the property from the brokers, attempting himself to sell it, and actually selling it to the Weavers, Facchina was guilty of no intentional wrongdoing; but (2) that the brokers were the procuring cause of the sale to the Weavers. This appeal attacks the correctness of the latter finding.

 Appellant concedes that ordinarily a broker is entitled to his commission if he is the procuring cause of the sale, and that the question of procuring cause is usually one of fact, but argues that on the evidence here, practically all of which was undisputed, there was no basis in fact for the finding that the brokers were the procuring cause of the sale. Reliance is placed on Hecht Co. v. Whiteford, 78 U.S.App. D.C. 134, 135, 137 F.2d 929, 930, certiorari denied, 320 U.S. 795, 64 S.Ct. 264, 88 L.Ed. 479, but that case recognized that there are cases in which "there may be an inference of fact that a broker who has introduced an individual customer to the owner is the procuring cause of subsequent dealings between that customer and the owner since without the special service of the broker the owner might never have met the customer." Here there was more than mere introduction. The Weavers were first interested in the property by the brokers' advertisement. By showing them through the house the brokers raised that interest to a willingness to buy at a price of $35,000. Their offer was rejected, but it is evident that they did not lose interest in buying because when, a few months later, they saw that the house was still unsold they resumed negotiations with the owner and those negotiations resulted in the sale. In our opinion there was ample justification in the evidence for the finding that the efforts of the brokers were in fact the procuring cause of the sale.

 It is also argued that the brokers ought not to recover because they abandoned their efforts to sell. In view of the owner's withdrawal of the listing from the brokers, they cannot be charged with abandonment.

Finally, it is argued that since the trial court found that Facchina acted in good faith, he was guilty of no intentional wrongdoing and was free to sell to the Weavers without incurring an obligation to the brokers. Under the circumstances of this case, good faith was not a material issue. Through the efforts of the brokers Facchina made the sale, and lack of bad faith on his part does not relieve him from paying them for their services.

Affirmed.