STOEVER–HAWLEY COMPANY,
a corporation, Appellant,

v.

A. S. H. TRAPPEY and Elinor B. Trappey,
Appellees.

No. 3498.

District of Columbia Court of Appeals.

Argued Sept. 9, 1964.

Decided Oct. 14, 1964.

Leland T. Johnson, Washington, D. C., for appellant.

A. S. H. Trappey, pro se, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

On this appeal a real estate company challenges the validity of a finding denying it a commission on the sale of property owned by appellees.

Appellant received an exclusive right to sell the property for a period of forty-six days, which exclusive right expired on September 24, 1960. At that time the property became an open listing and because of the difficulty in finding a purchaser, appellees agreed that the property might be leased rather than sold. Schwab & Company, another broker, found a prospective tenant, the Thompsons, but referred the Thompsons to appellant because it did not handle rental agreements. Appellant then negotiated a two-year lease between the Thompsons and appellees. The lease was for the period December 1, 1960, through November 30, 1962, and among its provisions was the following agreement:

"Landlord, in appointing Stoever-Hawley Company, as Agent hereunder, does so for and in consideration of its services in negotiating this agreement, and agrees to pay said agent a commission of 5% on all rent paid by Tenant during the term herein and as long thereafter as Tenant remains in said premises; and Landlord further agrees that in the event said premises are sold to Tenant (during occupancy) or to any other person, within thirty days after Tenant vacates, to pay said agent a sale commission equal to 5% of the total sale price."

With respect to the sale of the property the lease provided:

"Tenant shall have the option at any time during the two year term herein, of purchasing the premises for the sum of THIRTY-SEVEN THOUSAND AND NO/100 DOLLARS ($37,000.-00), * * * or for such lesser amount and upon such terms as may be acceptable to Landlord."

The lease also recited:

"And it is further agreed, that this agreement, with all its covenants and conditions, shall continue in force from month to month after the expiration of the term herein provided, however, that either party hereto can terminate the same at the end of the term herein, or at the end of any month thereafter, by giving the other party not less than thirty day prior written notice."

On October 31, 1962, one month prior to the end of the two-year term, appellees notified appellant that they intended to assume the management of the property upon the expiration of the contract. Appellant acquiesced in this arrangement, returned the keys to appellees, and so informed the Thompsons. At the conclusion of the term, the Thompsons remained in the premises and through their sole bargaining efforts with appellees, purchased the property six months later on May 14, 1963. During this six-month period, appellant made no claim for a commission of 5% of the rents and conceded it had abandoned any right to such sums. Nevertheless, when the property was sold, appellant communicated with appellees and claimed the right to a commission of 5% of the sale price.

After hearing all the testimony the trial court found for appellees, ruling that the contract with appellant had been canceled by mutual agreement. This appeal followed.

■■■■■■ Viewing the lease agreement in its entirety, we hold that the trial court was correct in entering a finding for appellees. The lease specifically provided that the Thompsons would have an option to purchase the premises during the two-year term. When the term ended and the option

remained unexercised, appellant's right to a commission upon a sale during the term similarly expired. See Campbell v. Rawlings, 52 App.D.C. 37, 280 F. 1011, 23 A.L.R. 854 (1922). Any right to a commission under the provision extending the covenants and conditions of the lease on a month to month basis was vitiated by the mutual termination of the agency relationship. Since the rental and sale commissions were not dependent upon the continued management of the property,[1] appellant's relinquishment of the rental commissions constituted an abandonment of its interest in the agreement. Appellant made no effort to reserve its right to a sale commission when appellees canceled the agreement and thereafter made no effort to persuade the Thompsons to purchase the house. A real estate broker who abandons his contract for commissions cannot sue for breach thereof. Kuniansky v. Williams, 101 Ga.App. 678, 115 S.E.2d 204 (1960); Mammen v. Snodgrass, 13 Ill.App. 2d 538, 142 N.E.2d 791 (1957); Robinson v. Pokorney, Sup., 133 N.Y.S.2d 311 (1954).[2]

The judgment is therefore

Affirmed.

---

1. As stated in the contract they were in consideration of appellant's services in negotiating the lease.

2. In Facchina v. Sullivan, D.C.Mun.App., 109 A.2d 581 (1954), the owner and not the broker was charged with abandonment of the contract. Here the abandonment was mutual.