Mr. Justice MacArthur
delivered the opinion of the court:
The specific performance of a parol contract to grant a lease in writing has frequently been decreed in a court of equity. The authorities which justify this equitable relief are quite numerous. And it is now well-settled in equity jurisprudence that a part performance of the agreement, where the possession has been delivered and rent paid in pursuance of its terms, will take the case out of the statute of frauds.
In the case of Henderson vs. Hay, 3 Brown’s C. C., 632, the question arose upon an agreement for a lease with “ proper covenants.” The discussion turned upon what meaning was' intended by this expression. Lord Thurlow’s interpretation was that the tenant had a right to those covenants arising out of the general well-known practice as to such leases. He, however, held that a covenant restraining the lessee from alienating his interest without the license of the landlord was not a usual covenant, and could not be inserted in the lease by order of the court, unless there had been an express stipulation to that effect. On the other hand, Lord Kenyon, in Morgan vs. Slaughter, 1 Esp. Ni. Pr., 8, and the court of exchequer, in Polkingham vs. Croft, 3 Anst., 700, both decided *119 that the lessor was entitled to a covenant against subletting, where the agreement was for usual covenants. Vere vs. Lowedin, 12 Ves., 179; and Jones vs. Jones, same vol., 186, involve the same question; and Sir William Grant, master of the rolls, upon these two authorities, decided that under an agreement for usual covenants,, a covenant not to assign without license should be inserted; b it he expressed his own opinion to be the same as that of Lord Thurlow, and he adds, that where the contract is for a lease with proper covenants, “ it must mean such as are calculated to secure the full effect of the agreement.” In Church vs. Brown, 15 Ves., 258, Lord Eldon held, that where there is no express stipulation for a covenant against underletting, the lessor is not entitled to it; and that, consequently, a court of chancery will not insert it upon a bill for a specific performance of a contract for a lease. In Robinson vs. Cleaton, 15 Ves., 520, which was decided nearly at the same time, the master of the Tolls and the lord chancellor, upon full consideration and communicatipn, overruled the decisions in Morgan vs. Slaughter and Polkingham vs. Croft upon this point, and held that the tenant should take a lease without that covenant.
It will be observed that there is a contradiction in these authorities upon a single question; but they all agree that a •specific performance of an agreement for a lease will be decreed with such covenants as are usual and incident to leases of the same kind, and such as flow from the contract and are necessary to give it effect. The same principle applies as in case of a contract in the purchase of real estate. There the agreement imports that the deed shall contain express covenants and warranties; that the vendor i§ seized, and has power to convey, .and for quiet enjoyment; that the estate is free from incumbrances, and for further assurance. Lord vs. Griffith, 3 Atk., 264; Vakeman vs. The Duchess of Rutland, .3 Ves., 233, 504.
In the case of Church vs. Brown, Lord Eldon observes:
“The master of the rolls agrees with me that whether •the agreement contained the clause that usual covena,nts should be inserted or not would not make a material difference, and, with great anxiety to be right upon this point, I never will consent that my opinion shall be supposed to *120 stand upon such a distinction. Before the case of Henderson vs. Hay, an agreement for a lease would have been executed precisely in the same mode as to the covenants to be inserted whether that clause had been contained in it or not; so would an agreement for the conveyance of real estate.”
It will be noticed in these cases that the agreements were in writing, and consequently excluded the operation of the-statute against frauds and perjuries. '
It is also settled in a number of cases that a parol contract for a lease which has been performed in some substantial part will entitle either of the parties by bill in equity to compel the specific performance of the whole. Sugd., V. & P., from 107 to 123; Gunter vs. Halsey, Amb., 586; Kine vs. Balfe, 2 Ball & B., 343; Morphett vs. Jones, 1 Swanst., 172 ; Pilling vs. Armitage, 12 Ves., 78; France vs. Dawson, 14 Ves., 386; Gregory vs. Michell, 18 Ves., 328; Jones vs. Peterman, 3 Serg., 1 Rawle, 543; Parkhurst vs. Van Courtland, 14 Johns., 32. Let us now apply these principles to the case before us.
The complainant sets up a parol agreement for a lease, accompanied by delivery of possession of the premises and the payment of rent in part performance thereof. It is nec. essary, therefore, in the first place, to ascertain whether the agreement is clearly made out by the proofs. The complainant was examined as a witness on his own behalf, and. testified that he visited the premises at defendant’s request; that he then had a second interview with her, at which she agreed to give him a lease of the place for the period of five-years, with the privilege of five more; that she also agreed to put the house and-premises in good and sufficient repair,, and to remove the dirt which was lying around, and pave the-yard; that the rent finally agreed upon was $450 a year, payable in monthly installments of $37.50. The depositions-of two other witnesses were taken on the part of complainant, Thomas Dolan and Daniel McCarthy, who testify that they were present at this interview and heard the contract made; and they fully corroborate the testimony of the complainant in regard to the terms of the alleged agreement.
The witness McCarthy adds a term which is not mentioned by the other witness or by the complainant, viz, that *121 the lease was to be for five years, with the privilege of five more, “ or as long as he wanted it.” There can, however, be no performance of this addition, and none is sought; but the defendant cannot, on account of such term, refuse to perform the agreement entirely. In the case of Mestaer vs. Gillespie, 11 Ves., 640, the lord chancellor observed: “ It is familiar to come to this court for a specific performance of an agreement the whole benefit of which the party cannot have; and if he waives that part, it is not competent to the other party to refuse to perform the rest as the whole cannot be executed.” Indeed, it may well be doubted if this term constitutes any part of the agreement in the present case, for complainant states that, although Mrs. Rundlette said something about " as long as he pleased,” he paid no attention to it; and it is evident he considered it as only a loose expression, in which he never concurred.
The making of the contract was on the 30th of January, 1874, and the tenant was put in possession of the store, after the delivery of the key, on or about the 6th of February following, when he moved in his stock of groceries and liquors, and improved the store by putting shelving around it. He paid rent for three months and then applied for a lease, which defendant refused. He had one prepared for her signature, but she declined to sign it, saying she had never agreed to give a lease, but would take it and look at it. When the lease was refused, complainant stopped paying rent, and she gave him thirty days’notice to quit; whereupon the complainant filed the bill in this case.
The evidence on the part of the complainant is impeached only by the deposition of the defendant herself. She denies that she promised to execute a lease, but admits that she rented the premises. She also states that no mention was made of the number of years, and that complainant was to pay her $450 a year, in monthly installments of $37.50. This version of the agreement is not sustained by any circumstance or witness in the case. Nothing appears in the deposition of her son or of Mr. Henderson as to the agreement, for neither of them was present when it was made. Henderson, it is true, says that he was present at a trial before a justice of the peace, in proceedings against Walsh as a tenant in default, *122 and that Walsh testified that Mrs. Rundlette promised him a leas & for five or ten years, or as long as he wanted it. This confirms the material fact of an agreement for a lease. Two witnesses of the plaintiff swear positively that it was to be for five years, with the privilege of five more, and Mrs. Rundlette admits the rent to be just as stated by both of these witnesses. Now, what Mr. Henderson recollects about the testimony of Walsh before the magistrate can throw little or no discredit upon circumstances so clearly proved in the case. 'It is true that the general rule requires that the contract in such cases should be established by clear, definite, and unequivocal proofs, (Story’s Eq. Jur., sec. 764,) and we think the proof submitted in this case comes up to this requirement, and leaves no doubt as to the making of the contract and its essential terms.
We have seen that a specific performance, where there is an omission as to the covenants of an agreement for a lease, will be decreed with usual covenants, according to the nature of the lease, and such as are incident to it. Such is the doctrine declared by Lord Thurlow in Henderson vs. Hay, and which was repeated with great and deliberate emphasis by Lord Eldon in Church vs. Brown. As, therefore, the lessor has a right to those covenants which are well known and such as are usually inserted under an agreement for a lease of real estate, there is no ground for the objection that the agreement in this case omits to mention what the law implies.
The other question is whether, possession having been delivered and rent paid and the store furnished with shelving, the agreement is sufficiently performed to take it out of the statute. In Jones vs. Peterson, 3 Serg. & Rawle, Gibson, judge, expressed a decided opinion that, in case of an agreement for a lease, possession alone, in pursuance of the contract, was sufficient. In Gregory vs. Mitchell, 18 Ves., 328, the tenant occupied the demised premises under a parol agreement for a lease, and had in part performed it by taking possession of and manuring the land, the court held he was entitled to a specific performance. In Kine vs. Balfe, 2 Ball & B., 343, the part performance relied upon was simply by taking possession and paying rent, and the lord chan *123 cellor held it should be carried into execution. In Morphett vs. Jones, 1 Swanst., Lord Eldon decreed specific performance of a parol agreement to grant a lease on the testimony of one witness, confirmed by circumstances against the denial of the answer, after part performance by delivery of possession. But it can scarcely be necessary to extend this examination of the decisions. The result which they establish is, that if the tenant has taken possession and paid rent under and according to the terms of the agreement, he has substantially performed it on his part. The possession must, of course, have reference to and be the result of the agreement. In this case it is quite clear that the complainant went into the store and paid rent in pursuance of the agreement, and it is not possible to refer these acts to any other cause. We are, therefore, of opinion that the conduct of the parties takes this case out of the statute on the ground of part performance, and that complainant is entitled to the relief prayed for in this bill.
The decree appealed from is as favorable to the defendant as she could well ask. There is a clause giving her the right of re-entry, and under the lease decreed the tenant would be compelled to make ordinary repairs, and to rebuild in case of fire. Although these covenants are not provided for in the decree, they are implied by the law. There is no evidence going to show that this is a hard bargain, which the court will not in its discretion execute. For aught that appears, the rent is fair and reasonable, and defendant fails to show that she has any equitable cause of complaint.
Decree affirmed.
Humphreys, J., dubitants.