## PANNELL v. BAYNE et al.

(Court of Appeals of District of Columbia. Submitted March 1, 1926. Decided April 5, 1926.)

No. 4341.

1. **Vendor and purchaser** ⬅349.

In purchaser's action for damages, pleading of oral contract to sell land, evidenced by unacknowledged deed set out in declaration, *held* sufficient.

2. **Frauds, statute of** ⬅103(1), 129(4)—Oral contract to convey farm and personalty, evidenced by unacknowledged deed under which purchaser assumed possession, held not within statute of frauds.

Oral contract for sale and conveyance of farm and personalty, evidenced by an unacknowledged deed under which purchaser assumed possession, *held* not within statute.

3. **Vendor and purchaser** ⬅342.

Purchaser of farm and personalty, alleging that she was wrongfully deprived of possession, *held* within her rights in seeking compensation by way of damages.

In Error to the Municipal Court of the District of Columbia.

Action by Rosetta L. Pannell against Edgar C. Bayne and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

M. F. Bischoff, Robert Hardison, and Campbell Howard, all of Washington, D. C., for plaintiff in error.

N. C. Turnage, of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

VAN ORSDEL, Associate Justice. Plaintiff in error, Rossetta L. Pannell,

brought suit in the municipal court of the District of Columbia for damages for breach of contract. It is alleged that defendants in error agreed to sell and convey to plaintiff in error a farm in Maryland, together with certain personal property consisting of live stock, farming tools, and implements, for the consideration of $4,000. As evidence of the oral contract, defendants in error executed an unacknowledged deed to the real estate and delivered it to plaintiff in error, to be acknowledged upon the performance of certain conditions by plaintiff in error. According to the declaration, plaintiff in error entered into possession of the farm and personal property, and in pursuance of her contract carried out the terms thereof in the cultivation of the farm, the care of the stock, and the payment of certain amounts which she had obligated herself to make. Defendants in error then refused to carry out their contract, took possession of the premises and personal property, and deprived plaintiff in error of the use or benefit thereof.

Plaintiff in error, instead of bringing an action for the repossession of the property, elected, as she has a right to do, to bring an action for damages. Defendants demurred to the declaration, and on hearing the trial court sustained the demurrer, and plaintiff, electing to stand upon her declaration, permitted judgment to be entered, from which the case comes here in error.

[1] In support of the demurrer, counsel for defendants assert that there is no averment in the declaration that it was an oral contract, but as further ground for demurrer set up the statute of frauds. If it is contended that it was not an oral contract, then the plea of the statute of frauds is inconsistent. While the declaration is in some particulars inartificially drawn, we are not disposed to apply as technical rules to pleadings in the municipal court as may be required in courts of general jurisdiction. We think the declaration, in setting out, in support of the contract, the unacknowledged deed, clearly reveals the oral contract.

[2] Defendants, in setting up the statute of frauds in support of their demurrer, are not in position to claim surprise or lack of information as to the nature of the contract sued upon. Stripped of all technical objections, we think that the case is clearly not within the statute of frauds, either as to the real or the personal property, since the contract is supported by the written memorandum in the form of the unacknowledged deed, and also by the delivery of possession, both of the real and personal property. Either or both of these acts are sufficient to take the case out of the statute of frauds. Johnson v. Tribby, 27 App. D. C. 281; Lenman v Jones, 33 App. D. C. 7; Johnston v. Jones, 85 Ala. 286, 4 So. 748.

[3] Plaintiff in error cannot be charged with voluntarily delivering possession of this property to the defendants in error. The declaration charges that they wrongfully deprived her of possession. She is therefore well within her rights in seeking just compensation by way of damages for the injury she has sustained through the breach of the contract. No question of title is here involved; it is a plain case for breach of a contract of sale.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.