STREET v. MADDUX, MARSHALL, MOSS & MALLORY, Inc.

Court of Appeals of District of Columbia.

Submitted January 6, 1928. Decided February 6, 1928.

No. 4609.

1. Frauds, statute of ⬥⟿51—Parol contract, requiring three years for performance, held none the less within statute because providing for annulment within year (Code, § 1117).

Parol contract, requiring three years for its performance, is none the less a contract within the statute of frauds (Code, § 1117) because it provides for annulment within a year, since annulment of a contract and its performance are distinctly different conceptions.

2. Frauds, statute of ⬥⟿49—"Agreement not to be performed within one year" is one appearing from its terms incapable of performance within such time (Code, § 1117).

An agreement which is not to be performed within one year from the making thereof means, under the statute of frauds (Code, § 1117), an agreement which appears from its terms to be incapable of performance within one year.

3. Pleading ⬥⟿8(15)—Declaration alleging contract made because of misrepresentation, failing to set out facts misrepresented, did not state cause of action.

Declaration alleging entering into contract in reliance on defendant's misrepresentation of material facts, or because of concealment of material facts it was bound to disclose, held insufficient to state a cause of action for actionable fraud, when failing to set out facts so concealed or misrepresented.

4. Pleading ⬥⟿8(15)—Allegation that party is guilty of fraud is only statement of conclusion of law.

An allegation that a party is guilty of fraud amounts to nothing more than a statement of conclusion of law, and gives to adverse party no information whatever as to facts on which that conclusion is based.

Appeal from the Supreme Court of District of Columbia.

Action by Garfield A. Street against Maddux, Marshall, Moss & Mallory, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

C. F. Diggs, of Washington, D. C., for appellant.

T. H. Todd and R. J. Whiteford, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Garfield A. Street, the plaintiff in this case, filed a declaration, in the first count of which he alleged that on the 25th of June, 1925, he was the owner of the Tilden Hall apartment house in the District of Columbia, and that said apartment house was then incumbered by three deeds of trust, aggregating $387,-000; that on said date there was due and unpaid on the second deed of trust approximately $6,500 interest and other expenses; that plaintiff was unable to pay the amount due on said second trust and foreclosure thereof was threatened; that the plaintiff to prevent foreclosure proceedings and the sale of the property entered into an *oral* agreement with the defendant on the 25th of June, 1925, to assign to the defendant, and did assign to it in writing, the rents of such property for a period of three years; that the plaintiff agreed that the defendant should deduct from said rents and retain for its own use a commission of 5 per centum; that in consideration of said assignment and said commission the defendant orally agreed to furnish the money necessary to pay off the second trust indebtedness, amounting to approximately $6,500, and also the interest, taxes, and other expenses chargeable against said property during said three years; that under said oral agreement the defendant was to reimburse itself for such payments out of the rents from said real estate, and in the event that the rents were insufficient for that purpose the defendant obligated itself to advance whatever additional money might be necessary to pay all of said charges *during said three years;* that it was further agreed between the plaintiff and the defendant that said oral agreement should immediately cease and be of no force or effect in case the plaintiff *within said three years* should sell said real estate and transfer the title thereto to the purchaser thereof; that, if said sale and transfer of title was made, the plaintiff promised that he would reimburse the defendant for any advances made by it in pursuance of said oral agreement; that, in order to relieve the defendant of the necessity of advancing the entire $6,500, the plaintiff agreed to execute, and did execute on the 30th of June, 1925, a fourth deed of trust on said real estate to secure his promissory note for the sum of $4,020, which note was made payable 60 days after the date thereof; that the money derived from said fourth deed of trust was applied by defendant to the payment of the $6,500 due on the second trust; that, when said fourth deed of trust matured, plaintiff paid thereon the sum of $520, but was unable to pay the balance due; that it was the duty of the defendant to pay the unpaid balance on the promissory note secured by the fourth deed

of trust, and that, failing to do so, the property was sold at public auction on the 20th of January, 1926, for the sum of $2,500, subject to the three prior deeds of trust; that the fair value of said real estate at the time of sale was $450,000, and that as a result of the failure of the defendant to properly perform its agreement the plaintiff was damaged in the sum of $66,000, for which amount he prayed judgment.

The second count of the declaration, in addition to substantially alleging the matters set out in the first count, declares that the defendant entered into the oral agreement with the plaintiff, intending to deceive and defraud him and to secure title to his real estate; that, to carry out its fraudulent purpose, the defendant made little or no effort to rent the vacant apartments in said apartment house, and that as a result 12 or more apartments, having a rental value of approximately $1,000 a month, were left unrented; that the defendant did not desire to rent said apartments in order that the moneys received from rents would be insufficient to pay off the various charges against said real estate, and for the purpose of securing a sale of the property to itself under the fourth deed of trust; that said property was sold to satisfy said fourth deed of trust, and was purchased by one Charles O. Kerr, who, on the date of his purchase thereof, deeded it to the defendant; that, because of the deceit and fraud practiced by the defendant, plaintiff was damaged in the sum of $66,000.

The third count, in addition to the matters hereinbefore set out in the first and second counts, declares that the defendant entered into the oral agreement with the plaintiff for the purpose of defrauding him, and of securing for itself said real estate, and in pursuance of its fraudulent scheme procured the execution by the plaintiff of the fourth deed of trust to C. Nixon, vice president of the defendant, who thereafter transferred said fourth deed of trust and the promissory note which it secured to the National Capital Mortgage Company, a corporation; that said Nixon and other officers and directors of the defendant are officers and directors of the National Capital Mortgage Company; that the defendant procured the execution of the promissory note and fourth deed of trust to Nixon, and their transfer by him to the National Capital Mortgage Company, in pursuance of defendant's fraudulent purpose to secure for itself said real estate, to the damage of the plaintiff in the sum of $66,000.

The defendant demurred to the declaration on the ground that the oral agreement upon which the plaintiff counted was void and unenforceable under the statute of frauds, and on the further ground that the allegations of fraud in the second and third counts were insufficient to entitle the plaintiff to the relief for which he prayed. The court sustained the demurrer on both grounds, whereupon the plaintiff elected to stand upon his declaration as amended, and, on motion of the defendant, judgment was entered in favor of the defendant, with costs.

We are of the opinion that the demurrer was properly sustained on both grounds, and that the judgment entered by the court below was correct. The statute of frauds of the District of Columbia (Code, § 1117) provides in explicit terms that "no action shall be brought whereby to charge * * any person * * * upon any agreement that is *not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing,* which need not state the consideration, and signed by the party to be charged therewith or some other person thereunto by him lawfully authorized." (Italics not quoted.)

[1] The agreement upon which the plaintiff relies was a parol contract, and it is apparent from a reading thereof that the parties did not contemplate its performance within a year after it was made. The defendant was by the terms of the agreement given the rents of the apartment house for three years, and the right to deduct therefrom for his own use 5 per centum thereof. Out of such rents the defendant undertook to pay the fourth trust of $6,500, and the interest, taxes, and other charges accruing against said property during three years. More than that, if the rents were insufficient to make such payments, the verbal understanding required the defendant to advance for three years whatever additional money might be necessary for that purpose. The agreement did provide, it is true, that it should immediately cease and be of no force or effect if the plaintiff sold the real estate prior to the expiration of the three-year period. That provision of the agreement, however, contemplated the annulment, not the performance, of the contract. The annulment of an agreement necessarily implies that the parties thereto are relieved from performing the unperformed obligations of the contract. Performance, on the other hand, means

compliance with the obligations of the contract and the fulfillment thereof. It follows, therefore, that the annulment of a contract and its performance are distinctly different conceptions, and that, although the parol contract in issue might be annulled within a year, it was none the less a contract, the performance of which required three years. Washington, A. & G. Steam Packett Co. v. Sickles, 5 Wall. 580, 595, 18 L. Ed. 550.

[2] It was not possible to *perform* the contract here involved in less than three years. An agreement which is not to be performed within the space of a year from the making thereof means, under the statute of frauds an agreement which appears from its terms to be incapable of performance within the year. Peter v. Compton (1693) Skinner, 353; Boydell v. Drummond (1809) 11 East, 142; Fenton v. Emblers, 3 Burrow, 1278. "The very circumstance that the contract exceeds the year brings it within the statute. If it were not so, contracts for any number of years might be made by parol, provided they contained a defeasance, which might come into operation before the end of the first year." Dobson v. Espie, 2 Hurlstone & Norman, 81. In the cases cited by counsel for the appellant, the contract could have been performed within a year, whereas, in this case, under the terms of the contract, it *could not be performed* until three years had elapsed.

In Warner v. Texas & Pacific Railway, 164 U. S. 418, 434, 17 S. Ct. 147, 153 (41 L. Ed. 495), upon which appellant relies, the correct rule was laid down for determining whether or not a parol contract was within the statute of frauds when the court said: "The question is not what the probable, or expected, or actual performance of the contract was; *but whether the contract, according to the reasonable interpretation of its terms, required that it should not be performed within the year.*" (Italics not quoted.)

[3, 4] The second and third counts do not state a cause of action against the defendant, for the simple reason that no facts are alleged therein from which actionable fraud on the part of the defendant can be even inferred. If the plaintiff entered into the contract on which he relies because of defendant's misrepresentation of material facts, or because of its concealment of material facts which it was bound to disclose, the declaration should have set out the facts so concealed or misrepresented, and should have alleged that the plaintiff was induced to enter into the contract by reason of such concealment or misrepresentation. An allegation that a party is guilty of fraud amounts to nothing more than a statement of a conclusion of law, and gives to the adverse party no information whatever as to the facts upon which that conclusion is based. Schell v. Alston Mfg. Co. (C. C.) 149 F. 439, 441; Cella v. Brown (C. C. A.) 144 F. 742, 754; Marquez v. Frisbie, 101 U. S. 473, 478, 25 L. Ed. 800.

For the payments made on plaintiff's indebtedness the contract contemplated that the defendant should be reimbursed out of the rents collected for three years, and that it should receive 5 per centum of said rents as a commission. Until such reimbursement was made and said commission was paid, it can hardly be said that plaintiff had fully complied with his part of the contract.

The judgment from which this appeal was taken is affirmed, with costs.

Affirmed.