## HOFFMAN v. F. H. DUEHAY, Inc.

### No. 5643.

Court of Appeals of the District of Columbia.

Submitted Feb. 13, 1933.

Decided May 29, 1933.

Jacob N. Halper, of Washington, D. C., for appellant.

W. W. McCaslin and Jean M. Boardman, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

Appellant—defendant below—appeals from an equity decree of the District Supreme Court requiring him to pay the amount found by the court to be due by him to appellee—plaintiff below—on a contract of lease.

In June, 1927, the parties entered into a written contract of lease of certain office rooms in the Farragut building, in Washington. In consideration of appellant's leasing the rooms for three years, appellee agreed, at a cost of a thousand dollars or more, to remodel the rooms to make them suitable for the use of appellant in his practice as a physician. The lease was to commence as of August 1, 1927, and prior to that date the remodeling was completed and appellant entered into possession and occupied the rooms and paid the rent until October, 1929, when he quit and refused to pay for the balance of the term, contending the lease was void and of no effect because not under seal as required by the provision of the Code (D. C. Code 1929, title 25, c. 6, § 116). Plaintiff brought suit in equity for the specific performance of the contract. The theory of the suit is that a court of equity will decree specific performance notwithstanding the provisions of the statute of frauds where the terms of the contract are clearly proved and a sufficient part performance is made out to show that fraud and injustice would be done if the contract was held to be inoperative.

The trial court entered a decree for the plaintiff, and defendant now insists that the effect of this decree is to abrogate the provisions of the Code in relation to leases for more than a year.

But we think the decree is a recognition of the established jurisdiction of equity to specifically enforce a contract invalid under the statute of frauds, where the complaining party on the faith of the contract has so altered his position as to commend his case to the discretion of the chancellor (Kresge v. Crowley, 47 App. D. C. 13).

The rule now universally applied was stated by Justice Clifford as follows: "Where one of the two contracting parties has been induced or allowed to alter his position on the faith of such contract, to such an extent that it would be fraud on the part of the other party to set up its invalidity, courts of equity

hold that the clear proof of the contract and of the acts of part performance will take the case out of the operation of the statute." Williams v. Morris, 95 U. S. 444, 457, 24 L. Ed. 360.

And this, as has been often said, is to preserve the statute from furthering fraud instead of preventing it.

Counsel suggests that no cases have come to his notice where such relief has been granted to landlords, but the transposition of the parties litigant is the only difference between this case and Kresge v. Crowley. And in that difference we find no distinction.

As was said by the Supreme Court of Wisconsin, in a case where even the alignment of the parties was the same: "It is self-evident that this equitable relief must be mutual." Seaman v. Aschermann, 51 Wis. 682, 8 N. W. 818, 820, 37 Am. Rep. 849.

The plaintiff expended a thousand dollars in altering the rooms to meet the defendant's peculiar needs, on the faith of the defendant's agreement, which is not only fully proved over the defendant's signature, but is not denied, and to sanction the defendant's repudiation thereof would work a grave injustice to the plaintiff. Purcell v. Miner, 4 Wall. 513, 18 L. Ed. 435; Williams v. Morris, 95 U. S. 444, 24 L. Ed. 360; Winslow v. Baltimore & O. R. Co., 188 U. S. 646, 23 S. Ct. 443, 47 L. Ed. 635.

We find no error in the chancellor's exercise of his discretion in this decree, which is therefore affirmed.

Affirmed.