## THALIS v. WURDEMAN.

### No. 7627.

United States Court of Appeals for the District of Columbia.

Argued Feb. 13, 1941.

Decided March 17, 1941.

Petition for Rehearing Denied April 15, 1941.

Joseph C. Suraci and Ellsworth L. McIntosh, Jr., both of Washington, D. C., for appellant.

Alfred M. Schwartz, Maxwell A. Ostrow, and Samuel A. Friedman, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

PER CURIAM.

Appellant in April, 1935, entered into a lease with Louis Wurdeman, owner of a life estate in the premises 733 7th Street, Northwest, in the District of Columbia. The lease was for the period ending May 15, 1939. Wurdeman died March 5, 1936, and at his death the property passed in fee simple to appellee, his wife, and his three children as tenants in common. In January, 1937, appellee, as owner, signed a new lease of the property to appellant for a period, first of 2½ years beginning January 5, 1937, and at the termination of the 2½ years, for 4 years additional. This lease was not under seal, and in January, 1938, appellant was advised that the leased property belonged to appellee and her three children and that a new lease was necessary. Negotiations ensued without result, and in April, 1939, notice signed by appellee and her three children was personally served on appellant requiring him to vacate in May, 1939. Appellant refusing to vacate, appellee in her own name alone instituted a landlord and tenant proceeding in the municipal court to recover possession of the property. Appellant then brought this suit in the District Court to restrain appellee from prosecuting her suit in the municipal court and for an order requiring appellee to execute a valid lease. Appellant alleged in his complaint that he had entered into the lease contract in good faith and upon his understanding and belief that ap-

pellee was the sole owner of the property; that the rent had been regularly paid to appellee according to the agreement; that appellee was the agent of the co-owners; that appellee has duly accounted for their respective shares to her children; and that, relying upon the lease, appellant had expended large sums of money in improving the property and making it suitable for the business for which it was leased. The municipal court proceeding was stayed by agreement, and appellee's answer in this suit defended on the ground that she was a part owner of the property in common with the children and was without authority to bind their interests, and on the further ground that the lease was not under seal and under the District of Columbia law was void and of no effect.

■ The lower court was of opinion that, since the property was owned in common by appellee and her three children, the lease was invalid as to the latter and, as they were neither parties to the contract nor to this suit, a decree for specific performance could not be granted as to them. In this respect, we think the lower court was right.

■ Appellant did not pray for an execution of a lease of appellee's one-fourth interest alone, but obviously this is as much as he could ask for in the circumstances of this case. Under some conditions a co-tenant who promises to convey more than he owns, or who promises as agent for other co-tenants when he is actually without authority to do so, may be compelled to convey what interest he has, [1] but even in such cases specific performance will not always be granted where it would create an inequitable result or would unduly injure the rights of third parties who were neither parties to the contract nor the suit. [2] Here a lease of appellee's interest would place appellant as co-tenant of the three children for a limited period of years. As lessee of one-fourth interest for only a few years, he would have to come to some sort of terms with the fee simple owners of the three-quarters. They in turn would have to work out some arrangement with him or else engage in an unfortunate controversy, although the situation may not have been of their own choosing. On the other hand we are of opinion the court, under the rule in Kresge v. Crowley, 47 App.D.C. 13, could and should have granted the relief asked for in the first paragraph of the prayer of the complaint and permanently restrained the prosecution of the landlord and tenant case in the municipal court. The parties in that suit were the same as here. The lease which appellee signed stated that she was owner of the premises, and it does not lie in her mouth, after making the contract as owner, as the result of which appellant has made large improvements and expended much money, to avoid her responsibility under the contract on the ground that its terms violated the statute of frauds. (D.C.Code, Tit. 11, Sec. 1, et seq.). Although the rights of third parties make the specific enforcement inequitable, the contract was valid as between the parties and should be recognized to the extent of restraining appellee's suit in the municipal court, which went counter to the contract terms.

As the three children of appellee were not parties to the suit, their rights are not now involved, and we express no opinion thereon.

Reversed.

---

[1] Cochran v. Blout, 161 U.S. 350, 16 S.Ct. 454, 40 L.Ed. 729; No-Leak-O Co. v. Chandlee, 53 App.D.C. 128, 289 F. 526; Pomeroy on Specific Performance, 3d Ed. 1926, § 439.

[2] Pomeroy on Specific Performance, § 447; Pauley v. Hadlock, 21 Ariz. 340, 188 P. 263; see Crowell v. Gould, 68 App.D.C. 297, 300, 96 F.2d 569, 572.