## DE GRAZIA v. ANDERSON.
### No. 701.

Municipal Court of Appeals for the
District of Columbia.

Nov. 10, 1948.

Joseph J. Lyman, of Washington, D. C.
(Anthony L. Montaquila, of Washington,
D. C., on the brief), for appellant.

Herman Miller, of Washington, D. C.,
for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A tenant brings this appeal from a judg-
ment of possession based on a verdict di-
rected against him on his opening state-
ment.[1] The property involved is a bar-
ber shop of which defendant had been a
tenant for many years. Plaintiff sued for
possession based on a notice to quit and
alleged that defendant was a tenant at '
sufferance, and such was the claim. plain-
tiff's counsel made in his opening state-
ment. Defense counsel, in his opening
statement to the jury, said, in part:

"We propose to show that in July of
1946 Mr. Anderson came to the tenant,
Mr. DeGrazio, and wanted to raise the
rent, that then and there they had an
agreement, a definite oral understanding
that in consideration of Mr. DeGrazio
paying the increased rent Mr. DeGrazio
could remain in the premises for the dura-
tion of Mr. Anderson's lease, that is, Mr.
DeGrazio would assume the burdens and
benefits of Mr. Anderson's prime lease.
* * * Mr. Anderson's lease terminates
next June, 1949, however, there is a pro-
vision in that lease which could terminate
it in ninety days at the option of Ander-
son's lessor. He made these provisions
known to Mr. DeGrazio. We will fur-
ther show that Mr. DeGrazio paid the in-
crease in rent upon Anderson's representa-
tion to him that he, DeGrazio, could stay
in the premises as long as Anderson re-
mained, and then, further, we will show
that upon that representation Mr. De-
Grazio made certain substantial improve-
ments to the premises predicated upon the
belief that he would be permitted to stay
for the remaining portion of the lease,

[1] The case was here on an earlier ap-
peal which we dismissed as being prema-
turely brought, DeGrazia v. Anderson, D.
C.Mun.App., 58 A.2d 306, appeal denied
by United States Court of Appeals (No.
9804) May 13, 1948, and in which our
decision has no bearing on the issues now
before us.

subject, of course, to the ninety-day provision, whichever terminated first."

On plaintiff's motion the trial judge ruled that this statement did not outline a defense, refused to permit any testimony, and directed a verdict for plaintiff.

■ We have previously said that to decide a case on an opening statement "is an extreme measure and trial judges should invoke it most cautiously, for the opening statement is to be construed liberally and favorably to pla:ntiff's case."[2] We pointed out that "only when it is clear in advance that plaintiff is absolutely precluded from a recovery may the trial court decide the case upon the opening statement." We quoted from Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 489, 78 L.Ed. 882, as follows:

"Plaintiff is entitled to the benefit of all inferences that may be drawn from his counsel's statement. To warrant the court in directing a verdict for defendant upon that statement, it is not enough that the statement be lacking in definiteness, but it must clearly appear, after resolving all doubts in plaintiff's favor, that no cause of action exists."

Applying these tests here we must rule that in this case it was improper to direct a verdict on the opening statement.

■ Defendant was asserting an equitable defense. He proposed to prove that he had a definite agreement with the plaintiff-landlord whereby in consideration of an increased rental he could remain in possession of his barber shop for the remainder of the landlord's term. He stated that the plaintiff's prime lease with his own lessor ran until June 1949 subject to a provision whereby it could be terminated on ninety days notice. He said he would prove that upon plaintiff's representations he made substantial improvements to the premises "predicated upon the belief that he would be permitted to stay for the remaining portion of the lease." This single recital in the opening statement was enough to overcome plaintiff's motion for a directed verdict and entitled him to present his defense to the jury.

■ Long ago, in the leading case of Kresge v. Crowley, 47 App.D.C. 13, it was held that despite the statute of frauds[3] one who has been induced to alter his position and make improvements on property based on a parol contract may enforce such contract in the courts. That principle has also been enunciated in later cases.[4] Appellee argues that the statement that the improvements made were "substantial" is incorrect, and that the improvements were in fact "insignificant and inconsequential." But that raises an issue of fact which had no place on the motion to direct a verdict and has no place on this appeal. Here as in the lower court the statement must be accepted as true and in a light most favorable to defendant.

Defendant also recited that he agreed to and did pay the increased rental exacted of him as a part of the new agreement and continued in possession thereunder. These circumstances alone, if they could be shown to amount to a partial performance, would take the case out of the statute of frauds.[5] The case is still stronger when we view all the elements outlined in the opening statement: (a) landlord's agreement to give a new and extended term of possession in consideration of an increased rent; (b) the payment and acceptance of the increased rent; (c) the

[2] Custer v. Atlantic & Pacific Tea Co., D.C.Mun.App., 43 A.2d 716, citing Oscanyan v. Winchester R. Arms Co., 103 U.S. 261, 26 L.Ed. 539; Hornblower v. George Washington University, 31 App. D.C. 64, 14 Ann.Cas. 696; Horne v. Ostmann, D.C.Mun.App., 35 A.2d 174.

See also Mitchell v. David, D.C.Mun. App., 51 A.2d 375.

[3] Code 1940, 12—302.

[4] Shell Eastern Petroleum Products v. White, 62 App.D.C. 332, 68 F.2d 379; Hoffman v. F. H. Duehay, Inc., 62 App. D.C. 206, 65 F.2d 839; Thalis v. Wurdeman, 73 App.D.C. 322, 121 F.2d 70.

[5] Townsend v. Vanderwerker, 160 U.S. 171, 16 S.Ct. 258, 40 L.Ed. 383; Mars v. Spanos, 78 U.S.App.D.C. 230, 139 F. 2d 369; Pannell v. Bayne, 56 App.D.C. 240, 12 F.2d 181; Faunce v. Wood, 55 App.D.C. 330, 5 F.2d 753, 40 A.L.R. 208; Walsh v. Rundlette, 2 MacArthur 114, 9 D.C. 114.

continuation in possession under the new agreement, and (d) the substantial expenditures by the tenant in reliance thereon. These recitals taken together leave no question that the opening statement was a sufficient outline of a valid defense. Naturally we do not venture to say that defendant would ultimately prevail at the hands of the jury or even that his evidence would have been strong enough to take him to the jury. We say only that he was entitled to present his evidence.

Appellee argues that a different result is required by our decision in Ross v. Brainerd, D.C.Mun.App., 54 A.2d 859. That case, however, went to the jury, which in response to a special interrogatory specifically found that the landlord had·made no promise of an extension of a lease; and we said that such finding by the jury made the doctrine of Kresge v. Crowley, supra, inapplicable. We also ruled that the alleged promise was too indefinite to make a contract. Such cannot be said here; at any rate not in the present posture of the case.

Reversed with instructions to award a new trial.