ROSENKOFF v. FINKELSTEIN.

No. 11209.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1952.

Decided March 6, 1952.

204

George B. Bronfen, Arlington, Va., with whom Rutherford Day, Washington, D. C., was on the brief, for appellant.

James M. Earnest, Washington, D. C., with whom Philip Goldstein, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

Appellant's "Complaint for Money Damages for Unjust Enrichment and Malicious Interference With Contract Rights" alleges that appellees gave appellant an option to buy certain land and afterwards sold the land at a higher price to a man whom, as appellant had told appellees, appellant had interested in buying it. Though appellant is, in the District of Columbia, a licensed broker, he says he was not acting as a broker. The land is in Maryland.

The alleged option was oral. Appellant does not deny that an option to buy land is required by the statute of frauds to be in writing. D.C.Code 1940, § 12–302. We think the District Court was right in granting appellees a summary judgment.

One who intentionally confers a benefit upon another in reliance on an invalid contract is often allowed to recover, under the name of quasi-contract or restitution, the value of the benefit in order to prevent unjust enrichment. But that is not this case. It is plain that the appellant acted without any purpose of benefiting appellees or any expectation that they would pay him, and solely because he thought his supposed contract with them would enable him to make a profit. In such circumstances, an unintended benefit to the promisor is not necessarily unjust and we have found only one class of cases in which it has been made the basis of a claim by the promisee. Plaintiffs have recovered the value of improvements on land which they made in reliance on invalid contracts to buy it. But land and its improvements are the subject of a number of special rules. In many jurisdictions including the District of Columbia one who has made improvements on land in reliance on an oral contract may even enforce the contract.[1] Moreover appellant's effort to interest a third person in buying the land did not actually result, in the direct and necessary way in which improvements on the land would have resulted, in benefit to appellees.

Since appellant had no contract with appellees or with the purchaser there has been no interference with contract rights. Even if there had been a contract between appellant and the purchaser appellant would still have no claim against appel-

---

[1]. Kresge v. Crowley, 47 App.D.C. 13; DeGrazia v. Anderson, D.C.Mun.App., 62 A.2d 194. This is sometimes put on the basis of "part performance."

lees. An invalid promise cannot be turned into a valid claim by describing the promisor's refusal to perform it as an interference either with the expectancies or with the contract rights of the promisee.

Affirmed.