## ROSENKOFF v. MARIANI.

### No. 11643.

United States Court of Appeals District of Columbia Circuit.

Argued May 22, 1953.

Decided Sept. 24, 1953.

Mr. George B. Bronfen, Washington, D. C., with whom Mr. John B. Letterman, Washington, D. C., was on the brief, for appellant.

Mr. Fred M. Vinson, Jr., Washington, D. C., with whom Messrs. James M.

Earnest and Philip Goldstein, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

PER CURIAM.

In Rosenkoff v. Finkelstein, 90 U.S. App.D.C. 263, 195 F.2d 203, appellant Rosenkoff sued persons who, he said, had given him an oral option to buy their land and had afterwards sold the land to a man he introduced to them. We denied recovery. We said: "Since appellant had no contract with [the sellers] or with the purchaser there has been no interference with contract rights." 90 U.S.App.D.C. at page 264, 195 F.2d at page 204.

Appellant now asserts a claim against the purchaser, alleging nearly the same facts as before. He says he had "an oral option to purchase * * *." In its context, we take this assertion to mean only that the owners promised they would sell him the land if he decided to buy it. He does not suggest that he gave consideration for their promise. In other words he alleges no contract, either oral or written. Though he says the sellers and the buyer joined in a "conspiracy" to deprive him of profit he states no claim on which relief can be granted. It is elementary, and we held on the previous appeal, that an owner incurs no liability by failing to perform a mere promise to sell land to a particular person. It is also elementary that a third person who wants the land incurs no liability by buying it in disregard of such a promise. Since there was no contract, the question whether liability is incurred by inducing breach of a contract that fails to comply with the Statute of Frauds does not arise.

Affirmed.