246 F.2d 649
 100 U.S.App.D.C. 368
 Joseph SNYDER, T/A Alliance Realty Company, Appellant,
v.
C. H. HILLEGEIST and C. H. Hillegeist Company, a
corporation, Curtis R. Sims, James G. Cross and
Herman E. Cooper, Appellees.
 No. 13466.
 United States Court of Appeals District of Columbia Circuit.
 Argued March 19, 1957.
Decided April 25, 1957.
 
 [100 U.S.App.D.C. 369] Mr. Ralph F. Berlow, Washington, D.C., with whom Messrs. William T. Hannan, Joseph F. Castiello and Kent D. Thorup, Washington, D.C., were on the brief, for appellant.
 Mr. James M. Earnest, Washington, D.C., with whom Mr. George R. Jacobi, Washington, D.C., was on the brief, for appellees C. H. Hillegeist and C. H. Hillegeist Company.
 Mr. Edward Bennett Williams, Mr. Edward T. Cheyfitz and Miss Agnes A. Neill, Washington, D.C., were on the brief for appellees Sims, Cross and Cooper.
 Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.
 BURGER, Circuit Judge.
 
 
 1
 Appellant is a licensed real estate broker in the District of Columbia, doing business as Alliance Realty Company. His amended complaint alleges that he was employed by the Bakery and Confectionery Workers' International Union of America to purchase for the Union a building or building site in the District of Columbia for use as its national headquarters. He also alleges that he subsequently entered into an oral agreement with appellee C. H. Hillegeist Co., through its president, appellee C. H. Hillegeist, by which the two would act as co-brokers or partners in the acquisition of a building or a building site for the Union and share equally in any commission received from the Union. After negotiations conducted by appellant for the purchase of a specific building failed, appellant asserts the Union entered into a new and separate agreement with C. H. Hillegeist employing him as sole agent. More than a year after appellant's alleged co-brokerage agreement was made with Hillegeist Co. the Union purchased through Hillegeist (acting alone) various tracts of real estate for a headquarters building site and paid Hillegeist a commission. The amount of the commission is alleged on information and belief to have been $50,000. Appellant's amended complaint asks for one-half of this commission or [100 U.S.App.D.C. 370] for an accounting from Hillegeist Co. The complaint also alleges as a separate cause of action that three Union officials (appellees Sims, Cross and Cooper) tortiously interfered with appellant's contractual rights in that they induced Hillegeist and the Hillegeist Co. to breach the fifty-fifty co-brokerage or partnership agreement referred to above. The District Court granted summary judgments on separate motions by the Hillegeist Co., Sims, Cross and Cooper, and granted C. H. Hillegeist's motion to dismiss.
 
 
 2
 Appellant's complaint and the depositions construed most favorably for appellant, as they must be in this posture, present a valid issue of fact as to whether the alleged agreement was made between appellant and the Hillegeist Co. The appellees urge only that the alleged oral co-brokerage or partnership agreement is unenforceable under the Statute of Frauds since 'it is not to be performed within the space of one year from the making thereof.'[1]
 
 
 3
 Decided cases and authorities too numerous to cite and too well known for discussion have held that an agreement which is capable, possible or susceptible of performance within one year is not within the reach of that statute. A few citations will suffice without extended discussion. Warner v. Texas & Pacific R.R., 1896, 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495; Street v. Maddux, Marshall, Moss & Mallory, Inc., 1928, 58 App.D.C. 42, 24 F.2d 617; Campbell v. Rawlings, 1922, 52 App.D.C. 37, 280 F. 1011; 2 Williston, Contracts § 495 (Rev. ed. 1936).
 
 
 4
 The contract on which appellant relies is one which would have been fully performed as soon as the Union purchased a building or building site; obviously this could have occurred within in one year.[2] The fact that the sale for which commissions are now sought by appellant took place more than a year after the alleged co-brokerage agreement was made does not mean the contract was incapable of performance within one year. Warner v. Texas & Pacific R.R., supra. Whether appellant can prove his alleged contract is not now important. It is enough that his allegations if proven will entitle him to recover from Hillegeist Co. and C. H. Hillegeist and he is entitled to his day in court to prove them if he can.
 
 
 5
 The only reference in the record before this court to appellant's charge of tortious interference by the Union officials Sims, Cross and Cooper is contained in the pleadings. The allegation in the complaint, while somewhat unclear, does, when aided by all favorable inferences, state a cause of action. See, e.g., Arkansas v. Texas, 1953, 346 U.S. 368, 369-370, 74 S.Ct. 109, 98 L.Ed. 80; Meyer v. Washington Times Co., 64 App.D.C. 218, 222, 76 F.2d 988, 992, certiorari denied, 1935, 295 U.S. 734, 55 S.Ct. 646, 79 L.Ed. 1682; Cf. Rosenkoff v. Finkelstein, 1952, 90 U.S.App.D.C. 263, 195 F.2d 203. The admittedly legitimate right of the union officials to employ Hillegeist as the Union's sole agent would not justify their inducing Hillegeist to breach the executory contract with appellant.[3] Since appellees Sims, Cross and Cooper defend their summary judgments on the unenforceability of appellant's agreement with Hillegeist Co., and since the record discloses no other basis for affirming the judgments, we must likewise remand this cause of action for further proceedings.
 
 
 6
 The judgment of the District Court are reversed as to appellees C. H. Hillegeist Co., C. H. Hillegeist, Sims, Cross and Cooper, and the case is remanded for further proceedings not inconsistent herewith.
 
 
 7
 Reversed.
 
 
 
 [1]
 D.C.Code, § 12-302 (1951 ed.)
 
 
 [2]
 Some possible confusion of issues results from the fact that the Union is not joined as a defendant
 
 
 [3]
 The acquisition of a building site by the Union, of course, terminated whatever contract appellant had with the Hillegeist Co. or the Union, subject to an accounting to appellant for commissions provided he proves his alleged cause of action