Floyd E. DUNN, Appellant,

v.

Cecil R. COX, t/a Cox & Company, Appellee.

No. 2588.

Municipal Court of Appeals for the
District of Columbia.

Argued July 25, 1960.

Decided Sept. 13, 1960.

Andrew L. Geisler, Washington, D. C.,
for appellant.

Herman Miller, Washington, D. C., for
appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from an order dismiss-
ing appellant's cause of action. against ap-

pellee for failure to state a claim upon which relief could be granted under Rule 12(b) (5) of the Municipal Court Rules.

In his complaint appellant alleged that he was a real-estate broker and had an exclusive listing agreement to sell some property belonging to one Blum and his wife, codefendants below with appellee. During the term of this contract, and after he had undertaken performance of the usual duties involved in securing a purchaser, appellant learned that the Blums were attempting to sell the property through appellee's rival brokerage company. Appellant procured a written statement from the Blums recognizing their duty to pay him a commission regardless of who found a purchaser, and also notified appellee of the nature of his agreement with the Blums. Several days thereafter settlement was made between the Blums and a purchaser secured by appellee. Appellant's commission was not paid and he sued both the Blums and appellee. The court did not decide the action as it relates to the Blums, but entered judgment for the appellee making an appropriate entry under Rule 54(b).

The complaint joining the Blums and appellee as codefendants is captioned as a "complaint for commission fee." It sounds in contract throughout, with the exception of the ninth paragraph, which sets out the charge against appellee that he "wrongfully, intentionally and maliciously" induced defendants Blum "to break their contract with [appellant] to pay a 6% real estate sales commission."

In opposition to appellee's motion to dismiss for failure to state a claim upon which relief could be granted, appellant outlined the theory of his case against appellee as one in tort for the interference with contractual relations. Taking appellant's assertions of fact as true and resolving all inferences in his favor, the question is whether appellant may recover from another broker the commission lost by the latter's interference in appellant's contractual relations with his client.

There can be no doubt that appellant is entitled to his commission if he possessed the exclusive listing rights. Dixon v. Dodd, D.C.Mun.App., 80 A.2d 282; McManus v. Newcomb, D.C.Mun.App., 61 A.2d 36. It is equally clear that a selling broker cannot be made to surrender his commission to the broker with the exclusive listing. Kennedy Realty Co. v. Billings, D.C.Mun.App., 52 A.2d 272. But appellant's claim against appellee is based on the alleged fact that at the time the commission became due and payable, appellee induced the Blums not to pay anything to appellant. Whether appellant can prove his claim at trial is not of concern at this time. We merely feel that he is entitled to his day in court; for while appellee may have had a right to sell in spite of appellant's exclusive listing, he certainly had no right to insure the payment of his own commission over that of his competitor by advising the seller not to pay any commission to the holder of the exclusive listing. As the Supreme Court of California said in Imperial Ice Co. v. Rossier, 18 Cal.2d 33, 112 P.2d 631, 633:

> "[A] person is not justified in inducing a breach of contract simply because he is in competition with one of the parties to the contract and seeks to further his own economic advantage at the expense of the other. * * [I]f two parties have separate contracts with a third, each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract. * * * A party may not, however, under the guise of competition actively and affirmatively induce the breach of a competitor's contract in order to secure an economic advantage over that competitor."

See also Sorenson v. Chevrolet Motor Co., 171 Minn. 260, 214 N.W. 754, 84 A.L.R. 35; Beekman v. Marsters, 195 Mass. 205, 80 N.E. 817, 11 L.R.A.,N.S., 201.

Recently we have had the occasion to review the existence of interference with contractual relations as a cause of action in this jurisdiction. Deoudes v. G. B. Macke Corp., D.C.Mun.App., 153 A.2d 309. The essential elements of the action as listed there and in other authorities are an existing legal contract or contractual rights, knowledge of such rights on the part of the defendant, an intentional interference therein without justification, and resulting damages.

While we concede the complaint is inartificially drawn we think it alleges all of the foregoing requirements with sufficient clarity so as to allow recovery, assuming appellant adduces sufficient facts to support his claim. Snyder v. Hillegeist, 100 U.S. App.D.C. 368, 246 F.2d 649. Cf. Phillips & Benjamin Co. v. Ratner, 2 Cir., 206 F.2d 372; Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1. The order of dismissal is reversed for a trial upon the merits.

Reversed and remanded.